1831.
Burrall<br>v.<br>Raineteaux.

---

## BURRALL *vs.* A. C. & A. RAINETEAUX.

After general order for further time to answer, the defendant cannot put in a demurrer, except on special leave by the court; and if he put in such demurrer without leave, it will be ordered to be taken off the files for irregularity.

The 125th rule does not authorize the vice chancellor or master to grant a chamber order, giving the defendant further time to demur. To obtain such an order, the application must be made to the court, and the order must be entered with the register or clerk.

THIS was an appeal from an order of the vice chancellor of the first circuit. On the 19th of May, a notice of the order to answer in forty days, was served on the solicitor of the defendants. On the 29th of June he applied to the vice chancellor, under the 125th rule, and obtained an order giving the defendant 20 days further time to put in an answer; which was subsequently reduced to 15 days. And within that time the defendants, instead of answering the bill, filed a demurrer thereto. On an application to the court, the vice chancellor ordered the demurrer to be taken off the files; with costs to be paid by the defendants. From this decision the defendants appealed to the chancellor.

W. *Mulock*, for the appellants, contended that the order extending the time to answer, gave the defendants the same right to demur to the bill during the period of extension, which they had before the original order to answer expired; that the reason of the rule adopted in England did not ap-

March 1st.

1831.

Burrall
v.
Raineteaux.

ply to the courts here. He cited Cooper's Pl. 113, 114; Barton's Suit in Equity, 105; *Taylor* v. *Milner*, 10 Ves. 444.

*D. D. Field*, for the respondent.

THE CHANCELLOR. It is a well settled rule of practice in the English court of chancery, that a defendant cannot put in a demurrer without a special permission of the court, after he has obtained a general order for further time to answer; and if he does file such demurrer, it will be ordered off the files for irregularity, with costs. *Dyson* v. *Benson*, Cooper's Rep. 110. 4 Bridg. Dig. tit. Ans. 3, Demurrer, 7. 1 Wils. Ch. Rep. 468. 3 Swans. Rep. 683. Where the defendant wishes for further time to demur, he must obtain a special order from the court for the time to answer, plead, or demur. But if through inadvertence he has obtained a general order to answer only, the court may, under peculiar circumstances, and upon due notice to the adverse party, give him special permission to put in a demurrer, notwithstanding the general order for time to answer. Although the mode of compelling an answer is somewhat varied by the practice of this court, it was never intended to change this salutary principle of requiring the party to file his demurrer within the ordinary time for answering, unless the court for special reasons thinks proper to give him further time to demur as well as to answer. Forty days is ample time for a defendant to examine the bill, and decide whether it should be demurred to or answered; but it may frequently require a much longer time to prepare a proper answer. The time for demurring by our practice, being five times as long as it is in England, very few cases can occur where the court would be justified in extending the time to demur; although it is almost a matter of course to grant one order for time to answer, in litigated causes, where the object of the defendant is not mere delay. The order in this case was a mere chamber order, granted out of court under the provisions of the 125th rule, and was not entered in the minutes. It could not therefore have been any thing more than a mere order to answer. Even if the vice chancellor had intended

to give further time to demur, he had not the power to grant such an order, out of court, under that rule. As the suit was pending before him, he might, under the 126th rule, have granted further time to demur, on special cause shown. But orders made under the last mentioned rule, and all other orders made by the court, must be entered with the register or clerk; which is the only correct mode of authenticating the proceedings and orders of the court.

The filing of a demurrer, after the defendants had applied for, and obtained this chamber order for further time to answer only, was irregular; and the decission of the vice chancellor was correct, and must be affirmed, with costs. The proceedings on this appeal must be remitted to the vice chancellor, that the costs may be there collected; and that such further steps as are necessary may be taken to compel the defendants to answer the complainant's bill.