## SUPREME COURT.

HENRY BRODHEAD et al. vs. CHARLES W. BRODHEAD et al.

An order made by a judge, at chambers, enlarging the time to answer, is an extension of the time to demur.

*Albany Special Term, April,* 1850.—The summons and complaint were served on 5th February last. On the 22d of the same month the defendants' attorney served an order made by the county judge of Sullivan county, giving the defendants "twenty days additional time in which to serve an answer in this cause." On the 11th of March defendants' attorney served a demurrer to the complaint. The plaintiffs' attorney informed the defendants' attorney that he deemed the demurrer irregular, and asked him to withdraw the same, which he refused to do; and on an affidavit of these facts and notice of motion, the plaintiffs' attorney now moves to strike out the demurrer on the ground of irregularity.

H. BRODHEAD, Jr., *for plaintiffs.*

J. V. L. PRUYN, *for defendants.*

PARKER, Justice.—The plaintiffs ask to strike out the demurrer as irregular, on the ground that the enlargement of the time to answer gave the defendants no additional time to demur. It was held in the late Court of Chancery, in *Burrall* v. *Raineteaux*, 2 Paige, 331, that after a general order made by a vice chancellor, at chambers, giving further time to answer, the defendant could not put in a demurrer, except on special leave of the court; and if he put in such demurrer without leave, it would be ordered to be taken off the files of the conrt for irregularity. But this decision rested upon the ground, that the time to demur could not be enlarged by a chamber order, but that an order of the court was necessary for that purpose. In this respect, the Court of Chancery followed the English practice, (1 Wils. Ch. Rep. 468 ; 3 Swans. Rep. 683.) An order to enlarge time to answer could be made at chambers, but an order to enlarge time to demur could only be made in court.

In *Bedell* v. *Bedell*, (2 Barbour Ch. Rep. 99,) it was held that this principle did apply to a case of an extension of the time by the voluntary stipulation of the complainant's solicitor. In such case an extension of time to *answer* gave the defendant the right to *demur* within the extended time. In its more liberal sense, the demurrer is an answer to the complaint, and so it was regarded under the late Chancery practice. It was not the restricted meaning of the word "answer," but a want of power to use the word at chambers in its more liberal sense, that led to the above cited decision in 2 Paige, on which the plaintiff relies.

Under the code, there is no question of the power of a judge at chambers to extend the time to demur as well as to answer. By section 405 the time within which any proceeding in the action must be had after its commencement, except the time within which an appeal must be taken, may be enlarged by a justice of the Supreme Court or a county judge. An enlargement of the time to answer is, therefore, under our present practice, an extension of the time to demur.

The word answer is sometimes used in the code as including a demurrer. By section 246, judgment may be had, if the defendant fail to answer the complaint; and again, in the same section, to entitle the plaintiff to judgment, he must file proof that no answer has been received. He is not to say anything in his affidavit about a demurrer, but it will not be contended that he may take judgment, if a demurrer has been served.

This motion must be denied, but the question being a new one, no costs are allowed.