## In re COLUMBIA REAL ESTATE CO.

### SPANG, CHALFANT & CO. v. TAYLOR et al.

(Circuit Court of Appeals, Seventh Circuit.    January 8, 1902.)

#### No. 776.

1. BANKRUPTCY—APPELLATE JURISDICTION—DECISIONS REVIEWABLE.

Under Bankr. Act 1898, § 24a, which invests the circuit court of appeals with "appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases," the question whether an order made in a bankruptcy proceeding, aside from those specifically enumerated in section 25, is appealable, depends upon whether it is a final order or decree of a district court, such as the circuit court of appeals is given jurisdiction to review by section 6, Act March 3, 1891, creating such courts.[1]

2. SAME—DISMISSAL OF INTERVENTION.

A stranger to proceedings in involuntary bankruptcy against a corporation, after the adjudication, filed a petition in intervention asking that the adjudication be set aside as having been irregularly granted and on an insufficient petition. The intervener did not claim to be a creditor of the bankrupt, but alleged that it had an equitable lien on real estate which stood in the name of a third person, but was in equity the property of the bankrupt, which lien was acquired through the ostensible owner, without knowledge of the rights of the bankrupt in the property. *Held*, that a dismissal of the petition on demurrer was not a final decision upon the merits of the petitioner's rights as an equitable mort-

---

[1]Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

gagee, and the case was therefore within the general rule that the denial of the right to intervene was not appealable.

3. SAME—VACATING ADJUDICATION—WHO MAY APPLY.

A petition to vacate and set aside an adjudication of bankruptcy, duly made in an involuntary proceeding, though treated as an equitable bill of review, can be maintained only by the bankrupt or by a creditor having a provable claim against him.

Appeal from the District Court of the United States for the District of Indiana.

The Columbia Real Estate Company, an Indiana corporation, was adjudged a bankrupt on the petition of three creditors,—Henry A. Taylor, the Burt-Terry Stationery Company, and the Henry Taylor Lumber Company,—alleging the insolvency of the corporation, "and that it has admitted in writing its inability to pay its debts and its willingness to be adjudged a bankrupt on that ground." An adjudication, of bankruptcy was entered on March 2, 1900, being the same day the petition therefor was filed, and on April 27, 1900, the appellant, Spang, Chalfant & Co., a Pennsylvania corporation, with leave of the court, filed its intervening petition to have such adjudication vacated and set aside for alleged insufficiency of both petition and proofs upon which the same was granted, and for the further reason that the adjudication was premature. The intervener claims no indebtedness against the bankrupt corporation, but its petition sets forth a claim by way of security upon certain real estate of which the title was taken in the name of one Oscar P. Benjamin, but "in equity said land is the property of the said Columbia Real Estate Company," and avers the intention of the trustee in bankruptcy to "take steps to recover said real estate," and "subject the same to the payment" of creditors of the bankrupt, if the bankruptcy proceeding is maintained. The nature of the appellant's claim of interest in, and security upon, the real estate, as stated, is substantially. this: That O. P. Benjamin was president and principal stockholder of the bankrupt corporation and of another corporation, O. P. Benjamin Manufacturing Company, and the real estate referred to was acquired in an exchange for property owned by the bankrupt corporation, but the title to the real estate thus acquired was taken in the individual name of O. P. Benjamin; that the O. P. Benjamin Manufacturing Company was indebted to the intervener company in the sum of $2,621.52, and payment thereof had been extended upon agreement by O. P. Benjamin that he would secure the same upon his real estate if not paid at the expiration of the extended time. in accordance with a note then made by the debtor corporation and indorsed by said Benjamin; that, such note being unpaid at maturity, an agreement was entered into December 1, 1890, through one Bone, who was agent of the debtors for the purpose, whereby new notes of the O. P. Benjamin Manufacturing Company, with Benjamin's indorsement, were made and accepted, and a written contract, executed by Spang, Chalfant & Co., of the one part, and such maker and indorser of the other part, which recites the purchase by the first party from O. P. Benjamin of the real estate described, and that the same is to be conveyed to a trustee named. and provides that the first party shall cause reconveyance of the real estate by the trustee to said Benjamin, if said O. P. Benjamin Manufacturing Company shall pay the said new notes at maturity. The petitioner further states that it had no information that the real estate was so held by Benjamin for the Columbia Real Estate Company; that, although no conveyance of the same by said Benjamin to the trustee, as recited, was made in fact, said Benjamin subsequently confirmed the arrangement and promised to execute to petitioner a formal mortgage or trust deed thereupon; and that he has since refused to perform, and the indebtedness is unpaid. The intervening petition, as finally amended, was dismissed on demurrer, and Spang, Chalfant & Co. appeal from the order entered thereupon.

M. M. Townley, for appellant.

Dan. W. Sims, for appellees.

Before JENKINS and GROSSCUP, Circuit Judges, and SEA-MAN, District Judge.

SEAMAN, District Judge, after making the foregoing statement, delivered the opinion of the court.

This appeal is brought by the petitioner, Spang, Chalfant & Co., from an order of the district court dismissing its petition for intervention in bankruptcy proceedings against the Columbia Real Estate Company to set aside an adjudication of involuntary bankruptcy theretofore entered. The adjudication was unopposed, and is not reviewable on the present appeal, so that the only questions presented are (1) whether an appeal lies from the order dismissing the petition; and, if appealable, (2) whether the petition presents a case of absolute right to relief.

The question of jurisdiction of the appeal is not discussed in the arguments of counsel upon either side, but it clearly arises under the provisions for an appeal in sections 24 and 25 of the bankruptcy act, and unless the appeal is authorized thereby the various contentions of counsel respecting the nature or validity of the appellant's claim are not open to consideration, beyond such bearing as they may have upon the scope and effect of the order denying intervention in the bankruptcy proceedings. Section 25 of the act is obviously inapplicable, as the order is not included within either of the cases therein specified, namely, appeals to be taken within 10 days "(1) from a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over." The last-mentioned clause is probably applicable alone to a debt or claim against the bankrupt when presented for proof in due course, but it is not applicable here for the reason (hereinafter referred to) that this order does not in any sense operate as a disallowance or rejection of the petitioner's alleged equitable mortgage claim. The general provision for appeals, however, is contained in section 24a, which invests the circuit court of appeals "with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases"; and section 6 of the act creating the circuit court of appeals (26 Stat. 826–828) referred to, confers appellate jurisdiction "to review by appeal or by writ of error final decisions in the district courts" in all cases other than those which are reviewable by the supreme court pursuant to section 5 of the same act. The right to review this order, therefore, rests on the inquiry whether it constitutes a final order or decree, within the meaning of the latter provision, and the general rule is well settled that a denial of the right to intervene is not such final decision, and not appealable. Ex parte Cutting, 94 U. S. 14, 22, 24 L. Ed. 49; Guion v. Insurance Co., 109 U. S. 173, 3 Sup. Ct. 108, 27 L. Ed. 895; Credits Commutation Co. v. U. S., 177 U. S. 311, 317, 20 Sup. Ct. 636, 44 L. Ed. 782; Id., 62 U. S. App. 728, 732, 34 C. C. A. 12, 91 Fed. 570, 572; Buel v. Trust Co., 44 C. C. A. 213, 104 Fed. 839; 1 Fost. Fed. Prac. (3d Ed.) 445. A just exception to this rule arises,

as intimated in the Credits Commutation Case, supra, "where the denial of a third party to intervene therein would be a practical denial of certain relief to which the intervener is fairly entitled, and which he can only obtain by intervention, and where the intervention is not discretionary with the chancellor"; or, as stated in 1 Fost. Fed. Prac., supra, "where a denial of the right to intervene would be a practical denial of all the relief to the petitioner perhaps an appeal will lie from an order denying intervention." But the authorities are uniform in upholding the rule, without regard to advantages which may accrue through the intervention, provided relief upon the intervener's claim is not foreclosed by the denial.

The appellant's petition was filed after the adjudication of bankruptcy, and after the expiration of the time allowed by statute for contesting the creditors' petition therefor. It predicates the right to intervene on allegations of the petitioner's interest in the matter, stating that he was not a party to the record, and intervention is sought for the sole purpose of a rehearing to oppose the adjudication. Treating the petition in accordance with its purport, as the well recognized petition for intervention in equity practice, and applying the tests approved by the authorities cited, it is unquestionable that the order which merely dismisses the petition falls within the general rule. The decision thereupon neither involves the merits of the appellant's claim as equitable mortgagee, nor in any sense bars its enforcement against the real estate to the full extent of any valid rights or equities which may appear when duly presented for consideration. Indeed, no binding decision in reference to the merits of the claim could have arisen at that stage of the bankruptcy proceeding, even indirectly, as the right to intervene was not predicated on any claim of liability in personam against the bankrupt. On the other hand, if the petition is treated as one for a rehearing in a bankruptcy proceeding which partakes of the nature of a suit in rem— and assuming for the argument that the appellant's alleged interest authorized such petition—the refusal of such rehearing is not a subject of appeal. 1 Fost. Fed. Prac. (3d Ed.) 784, and cases cited. Review can be obtained only by appeal from the adjudication, through intervention for that purpose.

Another view of the petition may arise, however, and remains to be considered. Proceedings in bankruptcy are governed by the practice in equity, in matters not regulated by special statutory provisions, and if the premises are true on which the right of intervention is claimed, namely, an interest in the adjudication of bankruptcy which makes the petitioner a rightful party to the issue, it is questionable, at least, whether the petition alleging error in the proceedings thereupon may not be treated as an equitable bill of review for errors on the face of the record, and thus give appealable character to the order. As such petition can be filed only by parties or privies (Thompson v. Maxwell, 95 U. S. 391, 397, 24 L. Ed. 481), there is no force in this suggestion unless the alleged equitable mortgage interest of the petitioner in the real estate gives such standing; and in that view, at least, it seems desirable, if not necessary, to consider whether the petitioner has the rights of a party or privy

in the adjudication of bankruptcy,—an inquiry not difficult of solution under the recognized purposes and express provisions of the bankruptcy act, in connection with the conceded fact that no indebtedness or personal liability exists against the bankrupt.

Section 59b of the act provides that petitioners for the adjudication shall be "creditors who have provable claims against" the alleged bankrupt "which amount in the aggregate in excess of the value of securities held by them, if any, to five hundred dollars or over." Section 18a provides for serving the "defendant" therein with a writ of subpœna returnable within fifteen days, unless a longer time is fixed by the judge; and section 18b provides that "the bankrupt or any creditor may appear and plead to the petition within ten days after the return day, or within such further time as the court may allow"; and thereupon (section 18d) "the issues presented by the pleadings" are to be determined, and the adjudication then made or the petition dismissed; or (section 18e), if no pleadings "are filed by the bankrupt or any of his creditors," the judge shall make the adjudication or dismiss the petition." In section 1 (9) the term "creditor" is defined to "include any one who owns a demand or claim provable in bankruptcy"; and section 57, which relates to "proof and allowance of claims," provides, in section 57e, that claims of secured creditors and those who have priority may be allowed to enable such creditors to participate "in creditors' meetings," but at sums only in excess of "the value of their securities or priority"; while section 57g excludes "the claims of creditors who have received preferences" unless the preference is surrendered. We are of opinion from these provisions and their consistency with the general tenor of the act that the intention clearly appears that the only claimants who are entitled to hearing on the issue of involuntary bankruptcy, aside from the bankrupt, are the creditors of the bankrupt; that creditors having security or priority are excluded therefrom to the extent of their security or priority, and can be recognized only in that issue for unsecured or unpreferred amounts; that even as a creditor one who is secured and stands alone on his security can neither invoke nor oppose an adjudication of involuntary bankruptcy; and surely that this claimant of the mere rights of a mortgagee, through transactions with third parties, who is not a creditor of the bankrupt, can have no standing therein as a party. Whether such claimant may intervene or be brought in after the adjudication of bankruptcy for any purpose is a question not involved in this inquiry. See, however, Bardes v. Bank, 178 U. S. 524, 538, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Coll. Bankr. (3d Ed.) 315. The cases cited by counsel on one side and the other, in reference to the rights of intervention by creditors, secured by attachment or otherwise, under the act of 1867, show that the courts were not in accord in their interpretation of the provisions of that act, but neither line of these decisions is applicable to the express terms of the present act, nor to the case of one not a creditor. In Dutton v. Freeman, Fed. Cas. No. 4,210, the remarks of Mr. Justice Story, in reference to a provision of the bankruptcy act of 1841 authorizing persons interested to oppose the adjudication, are instructive and pertinent as to the general theory

of the enactment, the parties entitled to hearing on the issue of bankruptcy, and "the distinction between an interest in the question and an interest in the suit," mentioned as "familiar to every lawyer."

No standing is furnished, therefore, for the petition as a bill of review, and no appeal lies from the order for its dismissal as an intervening petition, and the appeal is accordingly dismissed.