### In re URBAN & SUBURBAN REALTY TITLE CO.

#### (District Court, D. New Jersey. August 20, 1904.)

**1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—DEFENSE BY CREDITORS.**

Creditors who, with knowledge of the pendency of proceedings in bankruptcy against their debtor, fail to enter an appearance until after an adjudication has been made, are not entitled to have it set aside to permit them to plead, unless they show a satisfactory reason for the delay.

**2. SAME—CORPORATIONS.**

An adjudication of bankruptcy against a corporation will not be set aside as a matter of course, to permit creditors to interpose the defense that the petition fails to show that the corporation is one of the class which may be adjudged an involuntary bankrupt.

**3. SAME—JURISDICTION—VACANCY IN JUDGESHIP.**

A District Court does not cease to exist because of a vacancy in the office of judge in such sense that proceedings in bankruptcy may not be instituted therein, but in such case it is the duty of the clerk to receive and file the petition when offered; and it seems that he may also issue a subpœna thereon, tested in his own name, as provided by Rev. St. § 911 [U. S. Comp. St. 1901, p. 683].

In Bankruptcy. On petition of interveners for an order to vacate adjudication.

James E. Howell, for intervening petitioners.

Robert H. McCarter, for original petitioners in bankruptcy.

LANNING, District Judge. On May 11, 1904, James A. Wylie, the National Decorating Company, and James Laurence filed their petition to have the Urban & Suburban Realty Title Company adjudged an involuntary bankrupt. At the time of filing the petition there was a vacancy in the judgeship of this court. On June 6, 1904, after the qualification of the present judge, a subpœna was issued, and duly served, with a copy of the petition, upon the defendant company. The company was adjudicated a bankrupt on June 27, 1904. A petition is now presented by Levi Brannstein, J. J. Hockenjos Company, James C. McGuire, Paul Bros., George W. Sickel, and John O. Welsh, who claim to be creditors of the Urban & Suburban Realty Title Company, setting forth (1) that they believe the statements in the original petition in bankruptcy

are not true, and that the claims of the creditors joining in that petition do not aggregate the sum of five hundred dollars; (2) that they are advised that the Urban & Suburban Realty Title Company is not such a corporation as may be lawfully adjudged a bankrupt; and (3) that at the time of the filing of the original petition there was no bankruptcy court in the district of New Jersey which had jurisdiction of the petition. The prayer of these last-named creditors is "that they may be allowed to intervene in this matter for the sole purpose of moving to set aside the said adjudication of bankruptcy, and to plead, answer, or demur to the original petition, to the end that such order or decree may be made thereon as shall be equitable and just." There is no averment in the petition of the interveners, or in any of the affidavits thereto annexed, that they did not, before June 27, 1904, when the adjudication in bankruptcy was made, have knowledge of the pendency of the bankruptcy proceedings. There is an affidavit of Henry J. Berry, whom, on February 3, 1904, the chancellor of the state of New Jersey appointed receiver of the bankrupt, in which it appears that he first learned of the pendency of the proceedings on July 3, 1904. But he is not one of the intervening creditors. For aught that appears in the petition and affidavits on which this hearing is had, each of these creditors may have had, before June 27, 1904, as full knowledge of the bankruptcy proceedings as he now has. If creditors sleep upon their right to plead to a petition in involuntary bankruptcy until the time for pleading has expired and an adjudication in bankruptcy has been had, they will not be deemed to have any right to a vacation of the adjudication in order that they may then plead. When a creditor applies for an order to set aside such an adjudication for the mere purpose of pleading to the original petition, he must show satisfactory reasons for his delay. The unexplained delay of the interveners in this case disentitles them, as a matter of right, to any vacation of the adjudication. In re Ives, 113 Fed. 911, 51 C. C. A. 541, 7 Am. Bankr. R. 696; Collier on Bankr. (4th Ed.) 220. Still, where, as in this case, want of jurisdiction is asserted, the court may consider the objections raised by counsel ex gratia. In re Columbia Real Estate Company, 112 Fed. 643, 50 C. C. A. 406, 4 Am. Bankr. R. 417. The objections have therefore been considered.

The first objection is that the interveners believe the statements in the original petition are not true, and that the claims of the original petitioners do not aggregate the sum of $500. The affidavits submitted on the hearing by the interveners do not go further than to show that Wylie, one of the original petitioners, appears on the books of the Urban & Suburban Realty Title Company to be a debtor, and not a creditor. But Wylie, in an answering affidavit, sets forth an itemized statement of his account, by which he seems to be a creditor for the exact sum mentioned in the original petition.

The second objection is that the Urban & Suburban Realty Title Company is not such a corporation as may be adjudged an involuntary bankrupt. The point of this objection is that it does not

appear on the face of the petition that the company is a corporation engaged principally in trading, or in any of the other pursuits mentioned in section 4b, Bankr. Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]. But neither does it appear that it is not such a corporation. Whether the petition would have been demurrable before adjudication of bankruptcy for this reason it is not necessary to consider. . Pleadings in bankruptcy follow the rules of pleadings in equity. In equity, time for demurring to a bill will not be extended as a matter of course, even where it is apparent that a demurrer would have been proper if filed within the time limited by the general rules of practice. 1 Dan. Chan. Pr. 661; 2 Mad. Chan. Pr. 264; Burrall v. Raineteaux, 2 Paige, 331. And in the Case of the Columbia Real Estate Company, supra, the court refused to set aside an adjudication of bankruptcy where one of the objections to the petition in bankruptcy was precisely the same as that here made.

The third objection is that there was no District Court in the district of New Jersey on May 11, 1904, when the petition in bankruptcy was filed. The act of bankruptcy alleged in the original petition occurred on February 3, 1904. The first section of the bankruptcy act declares that the words "commencement of proceedings" mean "the date when the petition was filed." The interveners insist that the original petition could not have been legally filed on May 11, 1904, because there was then a vacancy in the judgeship of this court, and that, if filed at all, it must be considered as having been filed on June 6, 1904, when the present judge assumed his office, and on which day a subpœna was issued. If this be the law, the alleged act of bankruptcy occurred more than four months before the petition was filed, and the court should not have assumed jurisdiction of the case. But the objection is not deemed a valid one. During a vacancy in the judgeship of a District Court all judicial action must remain in abeyance until the vacancy be filled, unless, indeed, temporary provision for the discharge of judicial functions during the vacancy be made. Whether, under existing law, such temporary provision can be made, is not clear. McDowell v. United States, 159 U. S. 596, 16 Sup. Ct. 111, 40 L. Ed. 271. It is clear, however, that the machinery of the District Court is not wholly stopped by the mere happening of a vacancy in its judgeship. District Courts are the creatures of the statute, and their several functions are exercised in the manner and by the persons prescribed by the Congress. Section 911 of the Revised Statutes [U. S. Comp. St. 1901, p. 683] expressly provides that all writs and processes issuing from a District Court when the office of its judge is vacant shall be tested in the name of its clerk. Section 2, Bankr. Act July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420], declares that the District Courts of the United States are thereby made courts of bankruptcy. There seems to be no reason, therefore, why, on May 11, 1904, when the petition in bankruptcy was filed, a subpœna might not have been issued by the clerk. In any event, it was the duty of the clerk to receive the petition, and to file it on the day when he did so.

Other objections were made on the argument not raised by the petition of the interveners, but none of them shows want of jurisdiction. The bankruptcy act confers on the courts jurisdiction of the subject-matter of bankruptcy proceedings, and jurisdiction of the company was in this case acquired by due service of a subpœna and of a copy of the petition in bankruptcy. The jurisdiction of subject-matter and of the company was, therefore, complete at the time of adjudication. In re Williams, Fed. Cas. No. 17,700; Roche v. Fox, Fed. Cas. No. 11,974.

The conclusion reached is that the petition of the interveners must be dismissed.