BLACKSTONE et al. v. EVERYBODY'S STORE, Inc., et al. ZUCKER et al. v. SAME. In re EVERYBODY'S STORE, Inc.

(Circuit Court of Appeals, First Circuit. September 10, 1913.)

Nos. 1,024, 1,025.

1. BANKRUPTCY (§ 74*)—JURISDICTION—INSOLVENCY.

In an involuntary bankruptcy proceeding against a corporation, the court will not at the outset investigate and settle the ultimate rights of the parties in respect to titles, to reduce the apparent assets of the al-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

leged bankrupt, in order to show insolvency and bring the estate of the debtor within the bankruptcy law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 108; Dec. Dig. § 74.*]

**2.** BANKRUPTCY (§ 60*)—ACT OF BANKRUPTCY—APPLICATION FOR RECEIVER—INSOLVENCY.

Where the appointment of a receiver at the instance of the debtor itself is relied on as an act of bankruptcy, the question of adjudication depends solely on the question of solvency or insolvency.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80; Dec. Dig. § 60.*]

**3.** BANKRUPTCY (§ 74*)—ACTS OF BANKRUPTCY—INSOLVENCY—FRAUDULENT TRANSACTIONS.

Creditors of an alleged bankrupt, in support of an involuntary bankruptcy petition, were not entitled to claim that a transfer of certain property to the alleged bankrupt, which would not operate fraudulently on the substantive or beneficial rights of such creditors, if it should stand, was nevertheless invalid, and should be disregarded in determining the corporation's solvency.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 108; Dec. Dig. § 74.*]

**4.** BANKRUPTCY (§ 467*)—PROCEEDINGS—ANSWER—EXTENSION OF TIME.

It is within the discretion of the court to grant an alleged bankrupt more than the statutory five days in which to answer, and a ruling extending the time will not be reversed, except on grounds of pure error involving injustice.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 467.*]

**5.** BANKRUPTCY (§ 88*)—INVOLUNTARY PETITION—PARTIES—RECEIVERS.

Bankr. Act July 1, 1898, c. 541, § 18b, 30 Stat. 551 (U. S. Comp. St. 1901, p. 3429), providing that a bankrupt or any creditor may appear and contest an involuntary petition, does not deprive the court of power to admit other parties, who are legitimately interested in the questions involved in the petition for adjudication; and hence it was not error, in involuntary bankruptcy proceedings against a corporation in the hands of receivers, to permit the receivers to appear and resist the adjudication, though they were under no obligation to do so.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 58, 98, 104, 109–112; Dec. Dig. § 88.*]

Appeals from the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

In the matter of bankruptcy proceedings against Everybody's Store, Incorporated, alleged bankrupt. From a judgment dismissing the petition, complainants appeal. Affirmed.

Lee M. Friedman and Harvey H. Pratt, of Boston, Mass. (Friedman & Atherton, Julius Nelson, Tyler, Corneau & Eames, and Jacobs & Jacobs, all of Boston, Mass., on the brief), for appellants.

Boyd B. Jones, of Boston, Mass. (Charles F. Choate, Jr., Frederick H. Nash, and William M. Morgan, all of Boston, Mass., on the brief), for appellees.

Before PUTNAM and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. In this case (that of Everybody's) the petition for an adjudication of bankruptcy was dismissed by the District Court upon consideration of the pleadings and proofs, and we see no reason for disagreeing with that result.

The position of the petitioning creditors involves a novelty, because they seek in limine, in a bankruptcy proceeding, to invoke processes of property elimination in order to bring the case within the jurisdiction of a bankruptcy court.

[1] We do not think it the policy of the bankruptcy law that bankruptcy courts should at the outset seek to investigate, settle, and adjust ultimate rights in respect to titles, for the purpose of reducing apparent assets, and thus bringing the estate of a debtor within bankruptcy jurisdiction. It is difficult to believe that Congress intended that courts should adopt inquisitorial methods with respect to a person's business, to the end that his affairs should be thrown into bankruptcy.

It cannot reasonably be supposed that the bankruptcy statute intended that bankruptcy courts should anticipate questions as to the validity of record titles, which may possibly, at some future time, be raised by creditors of concerns who are strangers to the proceeding under the petition for adjudication. There is no reasonable and proper machinery for the adjustment of such ultimate rights in such a preliminary proceeding, and those who may have the right to avoid apparent titles would not be concluded by results based upon an investigation to which they were not a party. It would probably be the duty of any one in charge of the creditor interests of a concern like Everybody's Store to hold to the apparent titles, in all reasonable ways, in a situation like this, where the titles are voidable, rather than void, until some proper party in interest invokes the supposed right of avoidance.

Under a petition for an adjudication of bankruptcy, the court is not so much concerned with particular questions of ultimate rights as with the broader and more general question whether the bankruptcy law shall be put in operation. Remedies through bankruptcy proceedings are somewhat in derogation of the rules for relief which obtain in the ordinary course of common-law and equity proceedings; still the purpose of the bankruptcy statute is beneficent, and it should be so administered as to reasonably conserve the interests of creditors, and not to unreasonably wreck the apparent titles and the business of a debtor.

This court, now sitting as an appellate court of bankruptcy, has to consider two cases cotemporaneously—this one instituted by certain creditors of the Everybody's Store, Incorporated, and that of certain petitioning creditors of the concern of William S. Butler & Co., Incorporated. Both debtors are corporations, and the corporate and creditor rights and interests are doubtless more or less interrelated and interlocked.

Prior to the two petitions in bankruptcy, other creditors of the respective corporations had instituted proceedings in equity, and in each case receivers had been appointed and put in charge of the affairs of the business establishment.

In each bankruptcy proceeding the petitioners rely upon the receivership appointment in the prior equity case as an act of bankruptcy; but we are only concerned in this case with the prior equity proceeding instituted by Everybody's Store in so far as it bears upon the particular question whether such receivership appointment should be accepted as an act of bankruptcy. While in each bankruptcy petition the creditors rely upon the receivership appointment as an act of bankruptcy, it must be borne in mind that the cases differ in one very substantial sense, because in this case (that of Everybody's) the receiver was appointed under a bill in equity which, in stating its case for a receiver, expressly alleges solvency; while in the other (the Butler Case) the receiver was appointed under a bill in which an allegation of solvency is absent. This case (that of Everybody's) differs from the Butler Case in another respect, in that a temporary receivership was applied for under the debtor's own bill in equity, rather than that of its creditors, and thus the particular question here is made to rest upon that clause of section 3a of the Bankruptcy Act (Act July. 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]), which declares that it shall be deemed an act of bankruptcy for a person, being insolvent, to apply for a receiver or trustee for his property.

[2] Under a petition like this, where the application is by the debtor itself, the question of adjudication depends solely upon the question of solvency or insolvency.

We pass by definitive determination of any question as to the nature of the order appointing the receiver, and also all questions with reference to the definition to be given to the words solvency or insolvency in this connection, because we agree with the conclusion of the District Court that, upon the present aspect of the preliminary question involved, the alleged bankrupt corporation should be accepted as solvent in fact and solvent in law, whether the word "solvent" is to be defined as at the common law or according to the bankruptcy statutes.

[3] Now, as to the sole question—that of solvency or insolvency.

The petitioners admit in argument, and the proofs fairly show, that the corporation known as "Everybody's" was solvent, provided certain property, roughly estimated to be $250,000, or more, which it holds under a transfer from the Butler Company, is to be accepted as an asset for present purposes; but the petitioners seek to disestablish apparent title—record title—by showing it to be based upon transactions without consideration, and therefore fictitious and fraudulent. We do not think it reasonably open to the creditors of Everybody's to raise this issue at this stage of the proceedings. The transaction which is questioned is at most a voidable one—one to be avoided, perhaps, by the Butler creditors, if it operates fraudulently upon their interests, and possibly by other interests, if fraudulently affected. The transaction in question would not operate fraudulently upon the substantive or beneficial rights of the creditors of Everybody's, if it should stand, and any possible beneficial interests which they may have in forcing a proceeding which would compel the affairs of this concern to be wound up in bankruptcy, rather than in

some other recognized and well-ordered way, would not be such as to entitle them to raise the issue, and bring in such parties as would be necessary, if such an ultimate question were to be determined preliminarily in order to establish bankruptcy jurisdiction. We look upon the proposition involved in the petitioner's contention as one which relates more to the question of a wholesome and orderly administration of the bankruptcy law than to any question of beneficial, substantial, or abstract right. Under this view we have no hesitation in holding that it is not within the reasonable right of the petitioning creditors to raise an issue of this kind, for the purpose of disestablishing the record title and of minimizing the apparent assets of their debtor, to the end that its affairs shall be settled in bankruptcy, rather than in some of the other regular channels of justice.

The authorities cited by the petitioners upon this question as to assets and titles hardly bear out the proposition which they urge. They generally relate to intervention proceedings after adjudication, rather than to the question of the scope of the inquiry in a preliminary hearing upon the question of adjudication, and to situations where proper parties are before the court, and where the questions involved are as to what property ultimately vests in the trustee; in other words, what are the ultimate available assets? And the authorities go to the extent, of course, of holding that the trustee gets no better title than that which the bankrupt had.

[4] Other questions raised relate to the power exercised by the court in extending the time for answers and in admitting the receivers who desired to appear in opposition to the adjudication in bankruptcy.

The statute expressly clothes the court with power to grant more time than the statutory five days. An application for an extension of time in a situation like this calls for the exercise of discretion, and, an extension being granted by the court of first instance in charge of the proceedings, it must be accepted as a step taken in the field of discretion, and one not to be disturbed, except upon grounds of clear error involving injustice.

[5] It may not be the imperative duty of a receiver, and it may not be the absolute right of a receiver, in charge of an estate like this, to appear and resist bankruptcy adjudication; still it may be in the interests of orderly proceedings that he should do so, and, standing as the receivers do, as representatives of the equity court, it was quite within the power of the bankruptcy court, as well as within reasonable considerations of comity between courts, that the receivers should be permitted to appear and be heard upon the questions involved in the bankruptcy proceeding. While some of the authorities cited by the petitioners in bankruptcy go to the extent of saying it is not the duty of a receiver to appear, we do not understand that they sustain, in any sense, the proposition that it is not within the power of the bankruptcy court to permit any interested person, at the proper time and under proper circumstances, to appear and be heard upon questions in which he is interested. Section 18b provides that the bankrupt or any creditor may appear. That is a grant of right to bankrupts and to creditors, but the statute in no sense declares against

the power of the court to admit other parties who are in a legitimate way interested in the questions involved in the proposition of adjudication. The case on which the petitioners chiefly rely is that of In re Columbia, 112 Fed. 643, 50 C. C. A. 406. That case had reference to a claimant who sought to appear after adjudication, with a view of having the adjudication set aside; and therefore it has no controlling application to the question involved here, which relates to the discretionary power of the court to permit a party to be heard upon the original question of adjudication.

The decree of the District Court is affirmed, with costs.