## In re RANKIN.

(District Court, N. D. Ohio, E. D. November 20, 1913.)

### No. 4,910.

BANKRUPTCY (§ 60*)—INVOLUNTARY PROCEEDINGS—"ACT OF BANKRUPTCY"—RECEIVERSHIP.

> Under the express provisions of Bankruptcy Act July 1, 1898, c. 541, § 3a(4), 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422), as amended by Act Feb. 5, 1903, c. 487, § 2, 32 Stat. 797 (U. S. Comp. St. Supp. 1911, p. 1493), it was an act of bankruptcy for a debtor whose property was below the amount of his debts, and who was unable because of the pressure of some of his debts to continue a going business, to apply to a state court for a receiver for his property.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80; Dec. Dig. § 60.*

> For other definitions, see Words and Phrases, vol. 1, p. 118; vol. 8, p. 7562.]

In Bankruptcy. Proceeding to have E. H. Rankin adjudicated a bankrupt. Adjudication of bankruptcy granted.

Thompson, Hine & Flory, of Cleveland, Ohio, for petitioners.

DAY, District Judge. In this proceeding Rankin on the 28th of July, 1913, applied for a receiver in a certain action then pending in the court of common pleas of Portage county, Ohio, and the issue presented is whether or not this application for receiver and the appointment of a receiver was an act of bankruptcy.

It is agreed by both parties to this contention raised on the answer of the receiver in the state court that Rankin was insolvent at the time of the filing of this petition in bankruptcy and also at the time of his application for a receiver; and the petitioning creditors in their pe-

---

tition sought to have Rankin adjudged bankrupt on the sole ground that, being insolvent, he had applied for a receiver for his property.

The Bankruptcy Act, § 3a, provides in part:

"Acts of bankruptcy by a person shall consist of his having: * * * (4) Made a general assignment for the benefit of his creditors; or, being insolvent, applied for a receiver or trustee for his property or because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, or territory, or of the United States; * * *"

The language of the act carefully distinguishes the act of bankruptcy turning on the application of an insolvent himself for a receiver from the appointment of a receiver.

In the present case, it is quite apparent, from an examination of the petitions filed by Rankin in the common pleas court, that we have a debtor, whose property is below the amount of his debts, who is unable because of the pressure of some of these debts to continue as a going business, and who therefore seeks to place his property within the protection of the state court. It would naturally follow that the receiver holds this property impressed with the right of the creditors to payment. He owes them the duty of payment of the debts out of the property in his hands, and it follows that the result of such an application for a receivership in the state court is the distribution of the estate to the creditors, and it is the purpose of the bankruptcy act to allow this distribution to be had in bankruptcy rather than in a state court.

The text-writers on bankruptcy have followed the plain meaning of this statute. Loveland on Bankruptcy, § 155, says:

"A person commits an act of bankruptcy if, being insolvent, he applies for a receiver or trustee for his property.

"It will be observed that an act of bankruptcy is committed when an insolvent applies for a receiver or trustee. It is not necessary that the receiver or trustee be actually appointed. The reason for the appointment, or whether the court appointing the receiver or trustee is authorized by law to do so, is immaterial. If he makes the application while insolvent, he commits an act of bankruptcy.

"Where the debtor has applied for a receiver or trustee of his property, the only question is whether he was insolvent at the time. If the court of bankruptcy finds that the debtor's property was not sufficient at a fair valuation to pay his debts at the time he applied for a receiver or trustee, he was insolvent and committed an act of bankruptcy."

Collier on Bankruptcy, p. 102:

"This clause makes the application for a receiver or trustee by a bankrupt who is insolvent an act of bankruptcy; if such an application is relied upon, it must be alleged that the application was made by the debtor. If the application for a receiver or trustee is made by any other person than the bankrupt, it must be alleged and shown that the application was based upon the insolvency of the bankrupt."

Remington on Bankruptcy, § 159:

"If the receivership is applied for by others than the debtor himself and the application therefor is not made on the ground of insolvency, it is not an act of bankruptcy, although the debtor may be in fact insolvent."

A number of cases have been referred to by counsel for either side. In Re Spaulding, 139 Fed. 244, 71 C. C. A. 370, the application was made by a creditor. The court said, in part:

"Giving subdivision a (4) the construction which its language demands, we are of the opinion that it does not make a receivership an act of bankruptcy unless it was procured upon the application of the insolvent himself, and while insolvent; and does not make the putting a receiver in charge of the property of an insolvent an act of bankruptcy unless this was done because of insolvency."

Moss National Bank v. Arend, 146 Fed. 351, 76 C. C. A. 629. In this case a partnership was insolvent, and after the death of one partner the other partner refused to take the assets of the partnership at the appraisement; thereupon the administrator of the deceased partner applied for the appointment of a receiver under the Ohio statute. This Ohio statute has not any connection with the solvency or insolvency of the partnership. Judge Tayler, of this jurisdiction, in deciding the case, held the act of the surviving partner was not an application on his part, and that therefore there was no act of bankruptcy. The Court of Appeals for the Sixth Circuit, in reviewing the holding of Judge Tayler, said, in part:

"But it is submitted that, since the firm and the surviving partner were insolvent, and the latter joined in the application, he 'being insolvent applied for a receiver or trustee for his property,' and therefore committed an act of bankruptcy. But, as held by the court below, the surviving partner never really applied for a receiver. He had no power under the Ohio statute to apply for a receiver."

In re Edw. Ellsworth Co. (D. C.) 173 Fed. 699, 23 Am. Bankr. Rep. 284. In this case the application for the receiver was by the creditors. The court said, in part:

"It is only when a receiver has been appointed in another court because of insolvency, as that term is defined in the bankruptcy act, or where the corporation on its own initiative has applied for the appointment of a receiver or custodian of its property, that an act of bankruptcy under section 3a (4) has been committed. This provision of the bankruptcy act must be strictly construed."

In re Boston & Oaxaca Mining Co. (D. C.) 181 Fed. 422, 24 Am. Bankr. Rep. 923. The application in this case was made by the minority stockholders, and the sole ground of bankruptcy was the appointment of a receiver. The court said:

"The application for a receiver to the South Dakota court was not made by the alleged bankrupt, but by three of its stockholders. There is no allegation in the petition, nor would the facts have warranted such an allegation, that it, 'being insolvent, applied for a receiver for its property.'"

In re Gold Run Mining Co. (D. C.) 200 Fed. 162. The creditors applied for appointment of a receiver, alleging that the company was insolvent. The company consented to the receivership, and it was argued that this was equivalent to application for a receivership. The court said:

"The first act of bankruptcy alleged is that the company, while insolvent, consented to the appointment of a receiver of its property in the state court upon the ground of insolvency. This, however, cannot avail for the following reasons: (a) This is not an act of bankruptcy. The statute makes it an act of bankruptcy 'to apply for a receiver.' This is defined by Collier * * * to be 'voluntary application * * * of a corporation under resolution of its board of directors.' Mere consent, which is passive, is not tantamount to application, which is affirmative."

Blackstone v. Everybody's Store, 207 Fed. 752, 125 C. C. A. 290. In this case, the debtor himself applied to the court for a temporary receivership. The court said:

"This case (that of Everybody's) differs from the Butler Case in another respect, in that a temporary receivership was applied for under the debtor's own will in equity, rather than that of its creditors, and thus the particular question here is made to rest upon that clause of section 3a of the bankruptcy act, * * * which declares that it shall be deemed an act of bankruptcy for the person, being insolvent, to apply for a receiver or trustee for his property."

The court later in its opinion refers to the possibility of winding up the affairs of the alleged bankrupt in some other manner than in the bankruptcy court; but this language is doubtless used by the court in refusing to take up the question referring to the validity of a certain transfer of assets, which would make the company solvent. It is plainly stated on page 755 of 207 Fed., at page 293 of 125 C. C. A., of the opinion that:

"Under a petition like this, where the application is by the debtor itself, the question of adjudication depends solely upon the question of solvency or insolvency."

At the same time the Circuit Court of Appeals, for the First Circuit, considered this case of Blackstone et al. v. Everybody's Store et al., it considered the case of Butler & Co., 207 Fed. 705, 125 C. C. A. 223, wherein the application for a receivership was by a creditor. A creditor's application was procured by the corporation itself, and the court held that this was not equivalent to an application by the debtor itself, but said that such an application, if made by the debtor, would have been an act of bankruptcy.

In the case of Exploration Mercantile Co. v. Pacific Hardware & Steel Co., 177 Fed. 825, 101 C. C. A. 39, 24 Am. Bankr. Rep. 216, the application made the following allegation:

" 'That, owing to the debtor's condition in business and the inability of said defendant corporation at the present time to collect the amounts owing to it, the said corporation is in danger of its assets being wasted through attachment or litigation, as the aforesaid claims and other claims are due, and the said corporation is liable at any time to be attached and therefore be unable to carry on and continue its business or to be put to very large and useless expense by way of litigation, and the assets of the property to be wasted thereby,' and 'that by reason of the facts aforesaid the said corporation should be dissolved, and that a receiver should be appointed to take charge of the business and affairs of said corporation, that its property may be preserved, its creditors paid, and its assets cared for.' "

The court held that this application was an act of bankruptcy, and said further:

" "With respect to the application for a receiver it may be conceded that, if it appears from the record and is established by proof that the application is made under some statutory authority or general equity jurisdiction having no relation to insolvency, then the act of applying for a receiver is not an act of bankruptcy. But when it appears that the application for a receiver has relation to insolvency, and that the purpose of the proceeding is to have the corporation managed with a view to its dissolution and the distribution of its assets among the creditors of the insolvent, then the application for a receiver is clearly an act of bankruptcy."

The application in this case which is submitted for decision has a relation to insolvency. It is plain that the statute clearly fixes the essential elements of this act of bankruptcy, and judicial construction cannot enlarge the plain language used by Congress. Great inconvenience and injustice often results from the fact that by state receiverships creditors are often long delayed and deprived of their usual remedies, without receiving the benefits of the prompt administration of the estate in the federal court. Often an insolvent has sought a state receivership, gained the appointment of a friendly receiver, and in that manner the business has been conducted without particular regard to the interests of any one else except the insolvent. In the present case Rankin, while insolvent, applied for a receiver. This is made an act of bankruptcy by the act, and is plainly established by an examination of the petition filed in the common pleas court.

It therefore follows that an adjudication of bankruptcy may be entered.