### JACKSON v. WAUCHULA MFG. & TIMBER CO. et al.

(Circuit Court of Appeals, Fifth Circuit.   March 1, 1916.)

#### No. 2756.

BANKRUPTCY &⇒78—INVOLUNTARY PROCEEDINGS—RIGHT OF PARTIES INTERESTED TO DEFEND.

Bankr. Act July 1, 1898, c. 541, § 17, 30 Stat. 550 (Comp. St. 1913, § 9601), provides that a discharge in bankruptcy shall release a bankrupt from all his provable debts, except those therein specified, including liabilities for willful and malicious injuries to the person or property of another. Section 18b (section 9602) provides that the bankrupt or any creditor may appear and plead to an involuntary petition within five days after the return day, or such further time as the court may allow. An alleged bankrupt denied the allegations of insolvency and the alleged acts of bankruptcy, but subsequently withdrew its denial and substituted an unwarranted admission of insolvency. *Held* that, even though a person recovering judgment for a personal injury not willful and malicious after the filing of the petition, but before the adjudication, was not a creditor, the court had power to permit him to appear and resist an adjudication, as he was interested in the estate of the bankrupt, since a discharge would operate to release the liability under the judgment, and the administration of the estate would lessen the chance of his demand being satisfied.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 111, 112; Dec. Dig. &⇒78.]

Petition to Superintend and Revise from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

In the matter of the Wauchula Manufacturing & Timber Company, alleged bankrupt. The petition of William D. Jackson to set aside an adjudication and permit him to resist an adjudication was denied, and the petitioner brings a petition to superintend and revise. Reversed.

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Howard P. Macfarlane, of Tampa, Fla., for petitioner.

H. S. Phillips and J. W. Frazier, both of Tampa, Fla., for respondents.

Before PARDEE and WALKER, Circuit Judges, and SPEER, District Judge.

WALKER, Circuit Judge. This is a petition to superintend and revise the action of the District Court in denying the motion of the petitioner, William D. Jackson, to set aside an adjudication of bankruptcy rendered on an involuntary petition against the Wauchula Manufacturing & Timber Company, a corporation, and to permit the maker of the motion to resist such an adjudication by putting in issue the involuntary petition's allegations of insolvency and of acts of bankruptcy. The averments of the motion showed that, in a suit based upon a liability for a personal injury not "willful and malicious" (Bankruptcy Act, § 17), Jackson, after the involuntary petition was filed, but before the adjudication thereon, recovered a judgment against the alleged bankrupt; that the alleged bankrupt at the proper time pleaded to the petition against it, denying its allegations of insolvency and of acts of bankruptcy, but subsequently, after the rendition of the judgment in favor of Jackson, though the fact was that it was entirely solvent, withdrew its valid and sufficient defense, and substituted therefor its unwarranted admission of insolvency, whereupon the adjudication of bankruptcy was made. The court's action on the motion was by it based upon the expressly stated ground:

"That movant was not a creditor within the meaning of the Bankruptcy Act at the time of the filing of the involuntary petition, and therefore has no standing to make this motion."

By the record it is made to appear that the denial of the motion was due, not to a conclusion that there was any lack of timeliness in the application, but to the conclusion that it was beyond the power of the court to permit an involuntary petition in bankruptcy to be resisted by one whose relation to the debtor was that borne by the maker of the motion. The sought-for permission to continue a defense which unwarrantably had been abandoned by the alleged bankrupt was refused, not because the application was unseasonably made, but because the applicant "was not a creditor within the meaning of the Bankruptcy Act at the time of the filing of the involuntary petition, and therefore has no standing to make this motion." Two propositions were involved in the ruling, viz.: (1) That the maker of the motion was not a creditor within the meaning of the Bankruptcy Act when the involuntary petition was filed; and (2) that only such a creditor may be permitted to resist such a petition.

The first proposition is supported by decisions which are entitled to much weight, among them the following, which were cited by the District Judge: Brown & Adams v. United Button Company, 149 Fed. 48, 79 C. C. A. 70, 8 L. R. A. (N. S.) 961, 9 Ann. Cas. 445; In re New York Tunnel Company, 159 Fed. 688, 86 C. C. A. 556; In re New York Tunnel Company, 166 Fed. 284, 92 C. C. A. 202. So far as we are advised, the proposition has not been definitely settled by the court

whose decisions are controlling. The contention made by counsel in this case may be summarized as follows: The liability adjudged in favor of the petitioner for revision, being for a personal injury which was not "willful and malicious," is one which a discharge in bankruptcy of the defendant in the judgment would release; and any demand founded on a liability subject to be so released may, when liquidated and fixed by a judgment, be proved and allowed against the debtor's estate in bankruptcy, and the claim being of a kind that may be made provable and allowable, the claimant's right, given by provisions of the act, to participate in the bankruptcy proceeding, is not dependent upon his claim having been liquidated and fixed by a judgment, when the latter is necessary to make it provable and allowable, before the proceeding was instituted. Bankr. Act, §§ 17, 59f, 63b (Comp. St. 1913, §§ 9601, 9643, 9647); Grant Shoe Company v. Laird Company, 212 U. S. 445, 29 Sup. Ct. 332, 53 L. Ed. 591; Tinker v. Colwell, 193 U. S. 473, 24 Sup. Ct. 505, 48 L. Ed. 754; Crawford v. Burke, 195 U. S. 193, 25 Sup. Ct. 9, 49 L. Ed. 147.

We do not find it to be necessary to a decision of this case to affirm or deny the correctness of the first-stated proposition. Whether the maker of the motion was or was not a creditor within the meaning of the Bankruptcy Act, that he had, when he presented the motion, an interest to be served by favorable action on it, is not open to question. Obviously, as the plaintiff in and the owner of the judgment he had recovered, he was vitally concerned in the question of the estate of the judgment defendant, which was the thing brought under the sole control of the bankruptcy court by the filing of the involuntary petition, being subjected to the diminishing process of a bankruptcy administration; outcomes to be expected being a lessening of the chance of his demand being satisfied out of the estate in existence, and a discharge of the judgment defendant, operating to release its liability under the judgment. From the fact that the Bankruptcy Act (section 18b) makes express provision for the exercise by the bankrupt or by any creditor of a right to appear and plead to a petition for involuntary bankruptcy it does not follow that it was a purpose of the act to withhold from the court of bankruptcy the power of permitting participation in the proceedings by other parties shown to be interested in the result of them.

Nothing in the act stands in the way of the conclusion that the court of bankruptcy has the power to permit an involuntary petition to be resisted by one other than the debtor or a creditor within the meaning of the act, who shows that he has an interest in the estate in the court's charge which would be prejudicially affected by an adjudication of bankruptcy on that petition and the consequences which might be expected to follow from such adjudication. Blackstone v. Everybody's Store, 207 Fed. 752, 125 C. C. A. 290; Altonwood Park Co. v. Gwynne, 160 Fed. 448, 87 C. C. A. 409; In re Cooper Brothers (D. C.) 159 Fed. 956; In re Simonson (D. C.) 92 Fed. 904. When such an interest is shown by an applicant for leave to take up a valid defense which the alleged bankrupt made in due time, but subsequently unwarrantably abandoned, the application may not properly be denied upon the ground of a lack of power in the court to permit the appli-

cant to participate in the proceeding. The record in this case does not enable us to affirm that the application was not made with due promptness after the occasion for making it arose, or that it should have been denied upon a ground other than the untenable one upon which the court based its action.

This being the situation, the conclusion is that the disposition which was made of the motion is not sustainable, and that the decree presented for revision should be reversed; and it is so ordered.