In re CAREY.

Petition of GRAUTEN.

(Circuit Court of Appeals, Second Circuit. November 13, 1918.)

No. 59.

BANKRUPTCY ⌫78—PETITION—RIGHT TO ANSWER.

As Bankruptcy Act July 1, 1898, § 67f (Comp. St. § 9651), vacates judgments rendered within four months of the filing of the petition, *held* that, under sections 1(9), 18b, and 59f (sections 9585, 9602, 9643), a judgment creditor of an alleged bankrupt, whose judgment was recovered within the four months period, might answer the petition; the filing of the petition destroying the lien of the judgment and leaving the judgment creditor an unsecured creditor.

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of Charlotte A. Carey, alleged bankrupt. Petition by Elizabeth J. Grauten to revise an order striking out, on the ground that she was a preferred and secured creditor, the answer of the petitioner opposing the adjudication. Order reversed, and cause remanded.

Petition to revise an order in bankruptcy entered in the District Court for the Eastern District of New York. The District Judge granted an order on the 15th of June, 1918, striking out the answer of the petitioner, a creditor, for the reason that she was a preferred and secured creditor, and retained her preference and security, and had no standing to oppose adjudication of the alleged bankrupt. The petitioner appeals.

Walter B. Milkman, of Brooklyn, N. Y., for Elizabeth J. Grauten, answering creditor and petitioner.

Maurice B. Gluck, of New York City, for petitioning creditors.

Before WARD, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The petitioner recovered a judgment in the New York Supreme Court for $3,680.21 and issued execution to the sheriff, to whom a fund sufficient to satisfy the judgment came on the 19th of March, 1918. An involuntary petition in bankruptcy was filed by creditors. An order staying the sheriff of Kings county from paying over the moneys so held was granted. Before adjudication, the petitioner herein filed her answer to the petition in bankruptcy, denying that the petitioning creditors were bona fide and actual creditors of the alleged bankrupt, denying insolvency, and that any act of bankruptcy had been committed, and that the facts did not set forth sufficient to constitute an act of bankruptcy. The trial presented by this issue was had on the 5th of June, 1918. A motion was then made "to dismiss the answer, and for an order declaring the alleged bankrupt to be insolvent," on the ground that the petitioner was a preferred and secured creditor and not entitled to be heard. Later the court struck out the answer and decreed that an adjudication follow. In this the court erred.

⌫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The petitioner was a creditor up to the time of the satisfaction of her judgment. When the bankruptcy intervened on March 23d, the benefits she had secured by her judgment and execution thereunder were suspended, but she still maintained her rights as a creditor. Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555. It is provided in section 67 of the Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 564 (Comp. St. § 9651):

"f. That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same. * * *"

And section 18b (section 9602) provides that any creditor may plead to the petition, and section 59f (section 9643) that creditors other than original petitioners, may file an answer. Section 1, cl. 9 (section 9585), defines a creditor as one who owns a demand or claim provable in bankruptcy.

By virtue of section 67f of the act, if it should be ultimately determined that Charlotte A. Carey is in fact a bankrupt and therefore that this petition is well founded, the petitioner would be a creditor. She would still have her claim or demand provable in bankruptcy, although deprived of her preference. If, in the event of a legal adjudication, she is such a creditor, she must be a creditor for the purpose of contesting the propriety of an adjudication. In re C. Moench & Sons Co. (D. C.) 123 Fed. 977; Jackson v. Wauchula, etc., Co., 230 Fed. 409, 144 C. C. A. 551; Blackstone v. Everybody's Store, Inc., et al., 207 Fed. 752, 125 C. C. A. 290.

In Re Columbia Real Estate Co., 112 Fed. 643, 50 C. C. A. 406, relied on by the court below, the petitioner sought to intervene, not as a creditor of the bankrupt, but alleging that he had an equitable lien on real estate which stood in the name of a third person, but which real estate was in equity the property of the bankrupt. The petitioner claimed the lien was acquired through the ostensible owner, without knowledge of the rights of the bankrupt in the property. The Circuit Court for the Seventh Circuit held that a dismissal of the petition on demurrer was not a final decision upon the merits of the petitioner's rights as equitable mortgagee, and concluded that the order was not appealable. Under the facts of the case the court considered the petitioner as a stranger to the proceeding.

The order is reversed, with costs, and the cause remanded, with instructions to vacate the adjudication in bankruptcy, and to permit petitioner's answer to stand, and proceed with the trial of the issue accordingly.