**KREY PACKING CO. et al. v. WILDWOOD SPRINGS RESORT ASS'N.***

(Circuit Court of Appeals, Eighth Circuit. March 16, 1925.)

No. 6653.

1. **Bankruptcy** ⬅➡**70—Common-law trust may be adjudicated a bankrupt as an unincorporated company.**

Common-law trust may be adjudicated a bankrupt as an unincorporated company.

2. **Bankruptcy** ⬅➡**88(2), 100(1) — Objecting creditors may intervene; adjudication of bankruptcy as unincorporated company may not be collaterally attacked by petition for adjudication as partnership entity.**

Creditors, objecting to adjudication of association as an unincorporated company, may intervene under Bankruptcy Act, §§ 18b, 59f (Comp. St. §§ 9602, 9643), but cannot collaterally attack adjudication by filing of second petition, alleging association was copartnership and seeking to have it adjudicated a bankrupt as such.

Rehearing denied June 3, 1925.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Involuntary petition in bankruptcy by the Krey Packing Company and others to have the Wildwood Springs Resort Association adjudicated bankrupt as a copartnership. From an order of dismissal, petitioners appeal. Affirmed.

John V. Lee and Douglas Jones, both of St. Louis, Mo., for appellants.

Charlton A. Alexander, of St. Louis, Mo. (Cobbs, Logan & Alexander, of St. Louis, Mo., on the brief), for appellee.

Before KENYON, Circuit Judge, and TRIEBER and PHILLIPS, District Judges.

PHILLIPS, District Judge. This is an appeal from an order dismissing an involuntary petition in bankruptcy.

On December 12, 1922, certain creditors filed in the court below an involuntary petition in bankruptcy against the Wildwood Springs Resort Association, hereinafter called the Association. The petition alleged that the Association was a common-law trust, and sought to have it adjudicated a bankrupt as an unincorporated company. This proceeding was docketed as cause No. 3732.

On January 29, 1923, the appellants filed an involuntary petition in bankruptcy in the court below. Their petition alleged that the Association was a copartnership and sought to have it adjudicated a bankrupt as a partnership entity. This proceeding was docketed as cause No. 3832.

On February 23, 1923, the court entered an order in cause No. 3732, wherein it adjudicated the Association a bankrupt as an unincorporated company. Thereafter the matter was referred to a referee, a trustee was elected and the matter proceeded toward administration in the ordinary way.

On November 10, 1923, certain of the alleged individual members of the Association named in the petition in cause No. 3832 filed therein a pleading, designated a motion to dismiss, but which in fact was an answer in the nature of a plea in abatement, in which they set up the prior adjudication in cause No. 3732. After a hearing on the so-called motion the court, on February 7, 1924, entered an order dismissing the petition in cause No. 3832. To review that order this appeal was taken.

[1] It has been held that a common-law trust may be adjudicated a bankrupt as an unincorporated company. 1 Collier on Bankruptcy (13th Ed.) p. 215; In re Sar-

gent Lumber Co. (D. C.) 287 F. 154; In re Associated Trust (D. C.) 222 F. 1012.

[2] Section 18b of the Bankruptcy Act (Comp. St. § 9602) provides:

"The bankrupt, or any creditor, may appear and plead to the petition within five days after the return day, or within such further time as the court may allow."

Section 59f of the Bankruptcy Act (Comp. St. § 9643) provides:

"Creditors other than original petitioners may at any time enter their appearance and join in the petition, or file an answer and be heard in opposition to the prayer of the petition."

Under the provisions of the Bankruptcy Act above quoted, the appellants could have intervened in the bankruptcy proceeding in cause No. 3732 and objected to the adjudication of the Association as an unincorporated company. 1 Collier on Bankruptcy (13th Ed.) p. 673; 2 Collier, p. 1231; Gratiot County State Bank v. Johnson, 249 U. S. 246, 39 S. Ct. 263, 63 L. Ed. 587; Johansen Bros. Shoe Co. et al. v. Alles (C. C. A. 8) 197 F. 274, 116 C. C. A. 636; Jackson v. Wauchula Mfg. & Timber Co. (C. C. A. 5) 230 F. 409, 144 C. C. A. 551.

In Bank v. Johnson, supra, the Supreme Court declared:

"The purpose of Congress in expressly authorizing creditors, as well as the debtor, to answer an involuntary petition in bankruptcy was to guard against an improvident adjudication and to protect those whose peculiar interests might be prejudiced by establishing the status of bankruptcy."

Instead of appearing in cause No. 3732, appellants brought another proceeding whereby they undertook to attack collaterally the adjudication of the Association as an unincorporated company. This they could not do. Whether the Association was an unincorporated company and subject to be adjudged a bankrupt as such was an issue in the other proceeding and was necessarily determined by the adjudication. Such adjudication, until avoided in a direct proceeding therefor, was binding and conclusive on the appellants whether they appeared in cause No. 3732 or not. 1 Collier on Bankruptcy, (13th Ed.) p. 692; In re First National Bank of Belle Fourche et al. (C. C. A. 8) 152 F. 64, 68, 69, 70, 81 C. C. A. 260, 11 Ann. Cas. 355; In re Hecox (C. C. A. 8) 164 F. 823, 825, 90 C. C. A. 627; Bank v. Johnson, 249 U. S. 246, 248, 249, 39 S. Ct. 263, 63 L. Ed. 587.

The order appealed from was right and is affirmed.