## EWING et al. v. FORRESTER NACE BOX CO. et al.

(Circuit Court of Appeals, Eighth Circuit. April 28, 1926.)

No. 277.

**1. Bankruptcy ⬦444.**

Petition filed June 6 to revise an order of September 27 next preceding will be dismissed as not timely.

**2. Bankruptcy ⬦100(1).**

Order of adjudication prematurely made is not void, but voidable only as to bankrupt or creditors appearing and pleading within time allowed by law.

**3. Bankruptcy ⬦95—Answer of alleged bankrupt, admitting insolvency and that it might be adjudged a bankrupt, held not to preclude reference, under statute providing for reference in absence of "pleadings" (Bankruptcy Act, §§ 18f, 38 [l], being Comp. St. §§ 9602, 9622).**

Under Bankruptcy Act, § 18f (Comp. St. § 9602) providing that, if judge be absent from district on the next day after the last day on which pleadings may be filed, and none have been filed by the bankrupt or any of his creditors, clerk shall refer case to referee having jurisdiction under section 38 (1), being Comp. St. § 9622, answer of alleged bankrupt, admitting insolvency and inability to pay debts and that it might be adjudicated a bankrupt, *held* not a "pleading," which precluded reference under statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Pleading.]

**4. Bankruptcy ⊂⇒100(1)—Referee's order of adjudication not void because answer expressing willingness to be adjudged bankrupt also contained denial (Bankruptcy Act § 18f [Comp. St. § 9602]).**

Order of adjudication by referee, to whom involuntary bankruptcy petition was referred by clerk, under Bankruptcy Act, § 18f (Comp. St. § 9602), was not void because bankrupt's answer, in addition to admitting insolvency and expressing a willingness to be adjudged a bankrupt, contained a denial of all allegations not admitted, as it was for referee to construe this answer, and his decision, though erroneous, was not void.

**5. Bankruptcy ⊂⇒100(1)—Order of adjudication, after admitted insolvency of alleged bankrupt, held not void, though petition of creditors was insufficient, and could not have been sustained against motion to dismiss (Bankruptcy Act, § 18f [Comp. St. § 9602]).**

Order of adjudication by referee, under Bankruptcy Act, § 18f (Comp. St. § 9602), after answer of alleged bankrupt admitting insolvency, *held* not void, though petition of creditors was insufficient, and could not have been held good against a motion to dismiss, if made.

**6. Bankruptcy ⊂⇒100(2)—Want of answer to petition to vacate order of adjudication does not excuse bankrupt from offering proof in support of allegations of petition, and mere showing of insufficiency of creditors' petition and apparent solvency held insufficient to warrant relief.**

Want of answer to petition to vacate order of adjudication *held* not to excuse bankrupt from offering proof in support of allegations of petition, and mere calling of court's attention to insufficiency of creditors' petition and to schedules filed by bankrupt showing apparent solvency *held* insufficient to warrant relief sought.

Petitions to Revise Orders of the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

In the matter of the bankruptcy of the United States Compression Inner Tube Company. On a petition of L. N. Ewing and others to revise two orders denying petitions to vacate an order of adjudication entered on the petition of the Forrester Nace Box Company and others, creditors. Petition to revise as to one order dismissed, because not filed in time; as to the other, dismissed on the merits.

A. B. Honnold, of Tulsa, Okl. (H. D. Mason and Mason, Honnold, Carter & Harper, all of Tulsa, Okl., on the brief), for petitioners.

W. Y. Mauzy, of Tulsa, Okl. (Owen Owen, Charles L. Yancey, Henry L. Fist, H. F. Aby, and W. F. Tucker, all of Tulsa, Okl., on the brief), for respondents.

Before SANBORN, Circuit Judge, and MUNGER and JOHNSON, District Judges.

12 F.(2d)—55

JOHNSON, District Judge. The United States Compression Inner Tube Company was adjudicated a bankrupt by the referee in bankruptcy, in the absence of the judge on September 22, 1923. On January 12, 1924, certain stockholders of the company petitioned the court for leave to intervene and to move to set aside the order of the referee adjudicating the company a bankrupt. The petition was denied on September 27, 1924. Five days later the company filed a petition asking the court to vacate the order of adjudication and to permit it to answer the creditors' petition. A hearing was had on this petition on October 18, 1924, and on January 28, 1925, an order was entered denying the petition.

[1] A petition to revise the orders of September 27, 1924, and of January 28, 1925, was filed in this court on the 6th day of June, 1925. The petition to revise the order of September 27, 1924, was not filed in time, and for that reason will not be considered. In re Tomlinson, 154 F. 824, 76 C. C. A. 400.

The validity of the order of the referee adjudicating the company a bankrupt is attacked in the petition to revise the order of January 28, 1925, on the ground that the referee had no power to make the order. The petition of creditors was filed on September 17, 1923. On the same day a subpœna was issued, returnable October 8. On September 22, after service of the subpœna, the company filed the following answer:

"Comes now the alleged bankrupt, the United States Compression Inner Tube Company, a corporation, and denies each and every material allegation in said creditors' petition contained, except that which is hereinafter specifically admitted. The said United States Compression Inner Tube Company, a corporation, admits that it is insolvent and unable to pay its debts, and that it may be adjudicated a bankrupt under the bankruptcy laws of the United States, as amended."

Upon the filing of this answer, the judge being absent from the district, the clerk referred the case to the referee, and the referee on the same day—September 22—made the order adjudicating the company a bankrupt. Section 18f of the Bankruptcy Act (Comp. St. § 9602) provides: "If the judge is absent from the district * * * in which the petition is pending, on the next day after the last day on which pleadings may be filed, and none have been filed by the bankrupt or any of his creditors, the clerk shall forthwith refer the case to the referee." Section 38(1) of the Bankruptcy Act (Comp. St. § 9622) confers upon referees jurisdiction to "consider

all petitions referred to them by the clerks and make the adjudications or dismiss the petitions."

[2] Laying the answer of the company out of the case for the moment, it is the general view that an order of adjudication prematurely made is not void, but voidable only as to the bankrupt and as to a creditor or creditors appearing and pleading to the petition within the time allowed by law. B-R Electric & Telephone Mfg. Co. v. Ætna Life Ins. Co., 206 F. 885, 124 C. C. A. 545; In the Matter of Sage (D. C.) 224 F. 525; Remington on Bankruptcy, § 427.

[3] Was the reference unauthorized, and the order void, because of the presence of the answer of the bankrupt in the record? It has been said that the mere presence of an answer in the record does not prevent a lawful reference of the case by the clerk and a valid adjudication by the referee. The answer, it has been said, must be in opposition to the prayer of the petition of creditors. Collier on Bankruptcy (13th Ed.) vol. 1, p. 700. This is a reasonable view. It can hardly be supposed that Congress, in authorizing the clerk to refer the case to the referee "on the next day after the last day on which pleadings may be filed, and none have been filed," used the word "pleadings" in a technical sense, as descriptive of legal documents and without respect to their contents.

[4] It is argued that the order of adjudication by the referee was void because of the general denial in the answer of all the allegations of the petition except the insolvency of the company. The answer not only admitted insolvency; it also, in effect, expressed a willingness on the part of the company to be adjudged a bankrupt. The referee at the time of the adjudication had the answer before him. It became his duty to consider it, and determine whether or not it was a pleading within the meaning of "pleadings," as used in section 18f. He was acting judicially. For the time being the referee was the court. The answer of the company was equivocal. It became necessary for the referee to construe the answer and give it effect. His decision may have been erroneous; it was not void. Gilbertson v. United States, 168 F. 672, 94 C. C. A. 158; White v. Schloerb, 178 U. S. 542, 20 S. Ct. 1007, 44 L. Ed. 1183.

[5] It is also claimed that the order of adjudication was void because of the insufficiency of the petition of creditors. It would serve no useful purpose to set out the allegations of the petition. It is enough to say that they would not have been held good against

a motion to dismiss, but such motion would have been sustained with leave to amend. The petition was sufficient to give the court jurisdiction of the subject-matter, and it had jurisdiction of the person of the company through the service of the subpœna. The order was not void on this ground. In re First Nat. Bank, 152 F. 64, 81 C. C. A. 260, 11 Ann. Cas. 355.

[6] It is alleged in the petition of the company to set aside the order of adjudication that no act of bankruptcy had been committed by it within four months prior to the day on which the petition of creditors was filed; that it was not insolvent; that the answer filed on September 22d was unauthorized and filed by the officers of the company fraudulently —the alleged fraudulent acts being pleaded in some detail in the petition. The petition was verified by the (then) president of the company. At the time of the hearing on October 18, 1924, no answer to the petition to vacate the order of adjudication had been filed by any one. Upon the hearing, counsel of the company called the attention of the court to the defects in the bankruptcy proceeding above referred to, to the insufficiency of the petition of creditors hereinbefore noted, and to the schedules filed by the bankrupt, which on their face showed the bankrupt to be solvent, and rested. The trustee introduced evidence showing that the values given in the schedules were book values, and tending to show that as a matter of fact the company was hopelessly insolvent during all the four months next preceding the filing of the involuntary petition, and rested. On January 28, 1925, the court made the order denying the petition of the company which this court is asked to revise.

It is argued that it was not incumbent on the company to offer proof in support of any of the allegations of its petition to vacate the order of adjudication; that for lack of answer they stood admitted; that the trial court on the record, in the exercise of a sound judicial discretion, was bound to set aside the order of adjudication and permit the company to file a new or additional answer to the petition of creditors. It is true the allegations of the petition of the company on the day of the hearing had not been controverted by the petitioning creditors or the trustee, but that fact did not make it any less the duty of the court, if not fully satisfied, to require the company to submit evidence in support of the allegations of its verified petition. Especially was it the right and duty of the court not to act hastily under the circumstances. The

company had been adjudicated a bankrupt more than a year before; a trustee had been appointed; the estate was being administered. The matters alleged in the petition appealed to the conscience of the court, and secured for the company an early hearing and opportunity to make a showing which would justify the court in vacating the order of adjudication. When, at the hearing, the company submitted no evidence in support of the allegations of its verified petition, and stood upon its assumed legal rights, it is not surprising that the trial court refused to vacate the order of adjudication. The distinction between this case and Zeitinger v. Hargadine-McKittrick Dry Goods Co., 244 F. 719, 157 C. C. A. 167, is apparent in the light of the statement in the opinion in the Zeitinger Case: "That the allegations of the petition in intervention are clearly proved by the exemplified copy of the record of the suit in the Circuit Court."

There was no abuse of discretion in the refusal of the court below, on the showing made, to set aside the order of the referee adjudicating the company a bankrupt.

The petition to revise the order of September 27, 1924, is dismissed because not filed in time, and the petition to revise the order of January 28, 1925, is dismissed upon the merits.