**WOOD, Superintendent of Banks of California, et al. v. NATURAL SODA PRODUCTS CO. et al.**

Circuit Court of Appeals, Ninth Circuit.
February 25, 1929.

Nos. 5640, 5641, 5642.

Reuben G. Hunt, of San Francisco, Cal., for appellants.

R. B. McConlogue (of Dryer, Castle, McConlogue & Richards) and W. I. Titus, both of Los Angeles, Cal., for appellees.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

RUDKIN, Circuit Judge. The question for decision in this case is simply this: May an equity receiver of a corporation, appointed by a federal court with the consent of the court appointing him and with the consent of the bankruptcy court, resist an involuntary petition in bankruptcy filed against the corporation for which he is receiver under

section 18b of the Bankruptcy Act (11 USCA § 41(b)? That section provides that the bankrupt, or any creditor, may appear and plead to the involuntary petition within five days after the return day, or within such further time as the court may allow. So far as we are advised, his right to do so is sustained by all the authorities and denied by none. In re Hudson River Electric Power Co. (D. C.) 173 F. 934; In re Gold Run Mining & Tunnel Co. (D. C.) 200 F. 162; Blackstone v. Everybody's Store, Inc. (C. C. A.) 207 F. 752; In re Morosco Holding Co. (D. C.) 296 F. 516; Central State Bank v. Harrington (C. C. A.) 4 F.(2d) 514.

If, as held by this court in Petition of Shortridge, 20 F.(2d) 638, the jurisdiction of courts of bankruptcy established by the Bankruptcy Act is exclusive of all other courts, whether state or federal, it would seem to follow that a court of equity has an unquestioned right to take such steps as may be deemed necessary to protect its jurisdiction, by directing its receiver to resist an involuntary petition in bankruptcy, which may be without merit or wholly unauthorized.

In view of this conclusion, it becomes unnecessary to consider whether an appeal should have been allowed in the first instance, or whether such an appeal can be allowed in a matter of this kind by a single Circuit Judge.

The order of the court below is affirmed.