In re NEVE DRUG STORES, Inc.
No. 301.

Circuit Court of Appeals, Second Circuit.
April 13, 1931.

Crichton Clarke, of New York City, for intervener Alfred J. Neve.

Irving G. Warshaw, of New York City, for intervener Jules C. Klein.

Sullivan & Cromwell, of New York City (David W. Peck and Alexander M. Grean, Jr., both of New York City, of counsel), for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The Neve Drug Stores, Incorporated, owned and operated a chain of drug stores in New York City and vicinity. Its stock was held largely by the United Retail Chemists Corporation. The United Cigar Stores Company of America, a petitioning creditor, operates a chain of cigar stores. It holds a substantial part of the voting stock, but not the majority, of the United Retail Chemists Corporation, and by a contract, dated December 7, 1928, came into control of the management of the Neve Drug Stores, Incorporated. It is a creditor of the bankrupt in the total sum of $600,000.

Appellant Neve, whose name was used for the bankrupt company, was general manager and president of the bankrupt. Appellant Klein owned a drug store in the borough of the Bronx and contracted to sell it to Suprenant & Co. for cash and 526 shares of stock of the Neve Drug Stores, Incorporated. This contract was later assigned by Suprenant & Co. to the Neve Drug Stores, Incorporated. On August 29, 1930, a petition in bankruptcy was filed, and the bankrupt admitted in writing its inability to pay its debts and expressed its willingness to be adjudicated a bankrupt. It appears that there had been a deficit in the management in the year 1928 of $720,000 and a loss in the year 1929 and the first half of 1930 of $775,000. A subpoena was issued returnable September 5, 1930. The petition alleged acts of bankruptcy, admitted by the bankrupt, including its inability to pay its debts. An adjudication of bankruptcy was entered by the clerk of the court pursuant to general orders of the court in the Southern district of New York. Section 32(1).

On September 5, 1930, Klein intervened by petition and filed an answer, and on September 9th appellant Neve, as an alleged creditor, was allowed to intervene and filed an answer. Their petitions, in effect, alleged that they were creditors of the bankrupt and that the bankruptcy was the result of a collusive agreement between two of the petitioning creditors and the bankrupt for the purpose of securing to the petitioning creditors a preference. The allegations, however, were not amplified or specifically alleged, and, as we shall point out, they were not in point of fact creditors. On September 11th, the appellant Klein obtained an order directing the petitioning creditors to show cause why they should not be restrained from electing a trustee and why the adjudication should not be

vacated. A motion was made to vacate this order to show cause on the ground that the answer of Klein was insufficient. Thereupon Klein, at his own request, submitted an amended answer on September 17th; after a hearing based upon affidavits, submitted by both sides, the District Judge vacated the order to show cause, denying the appellant's motion to vacate the adjudication and to restrain the election of the trustee. Thereafter a notice of trial was served on the petitioning creditors and the cause placed on the calendar and stricken therefrom, resulting in the order of October 18th. The Irving Trust Company was named receiver, and as such receiver, it has liquidated all the assets of the bankrupt and is holding the proceeds.

Sections 18b and 18d of the Bankruptcy Act (11 USCA § 41 (b) and (d), provide:

"(b) The bankrupt, or any creditor, may appear and plead to the petition within five days after the return day, or within such further time as the court may allow. * * * (d) If the bankrupt, or any of his creditors, shall appear, within the time limited, and controvert the facts alleged in the petition, the judge shall determine, as soon as may be, the issues presented by the pleadings, without the intervention of a jury, except in cases where a jury trial is given by the provisions of this title."

■ The contention of the appellants is that this statute gave five days after the return day in which to appear and plead to the petition, that the adjudication entered before the expiration of that period is void, and that upon mere intervention, without considering the sufficiency of the answers filed, the court should have set aside the adjudication and ordered a trial to determine the issues raised by their answers, and that therefore the orders appealed from were unlawfully entered. This contention is answered by the claim that the appellants are not creditors entitled to intervene but strangers to the proceedings, and that their answers, as filed, were insufficient and raised no issues. An adjudication entered, as at bar, is binding on the bankrupt and on all creditors who do not intervene. It is not void as to creditors who intervene within the five days of the return day. The consent of the bankrupt cannot deprive bona fide creditors of their statutory right to intervention, and no such contention is made by the appellees. The appellees' contention is that such an adjudication may be made by a court of competent jurisdiction and cannot be set aside by an alleged creditor until he has shown that he is in fact a creditor, entitled to the advantage of the statute, and answers raising issues which are entitled to a judicial determination. There is support for this view. In re Columbia Real Estate Co., 101 F. 965 (D. C. Dist. Ind.) affirmed 112 F. 643 (C. C. A. 7); In re Davis, 217 F. 113 (D. C. Dist. N. J.); B. R. Electric & Telephone Mfg. Co. v. Ætna Life Ins. Co., 206 F. 885 (C. C. A. 8); Ewing v. Forrester Nace Box Co., 12 F.(2d) 864 (C. C. A. 8). The cases referred to by the appellants are not to the contrary. In Day v. Beck & Gregg Hardware Co., 114 F. 834 (C. C. A. 5), an involuntary petition in bankruptcy was filed against Day. On the last day for the bankrupt and creditors to answer, the bankrupt's unverified answer was stricken out and an adjudication entered. On appeal, the adjudication was set aside; the court holding that the bankrupt could have filed a sufficient answer the last day and that the adjudication was premature until that day had elapsed. In re L. Humbert Co., 100 F. 439, a District Court case, an involuntary petition was filed, and the bankrupt, a corporation, appeared and answered, consenting to adjudication. The clerk of the court asked for instruction as to whether an adjudication should be made forthwith. The District Court instructed the clerk not to enter an adjudication until the period given to creditors who intervened had elapsed. This case seems to have passed off on the principle that, at the time, prior to the 1910 amendment, a corporation could not become a voluntary bankrupt. In re Western Investment Co., 170 F. 677 (D. C. E. D. Okl.), is not contrary to the conclusions we here announce.

■ But it is argued by the appellants that the adjudication was entered by the clerk "on his own motion in violation of law and without the authority of the Statute or the direction of the District Court." There is authority to be found for the entry of such an adjudication in the general orders of the District Court. By section 32, subd. 1, all adjudications are entered by the District Court clerk. The petition in bankruptcy sufficiently stated the statutory acts of bankruptcy, and there is an appearance and an answer by the bankrupt, and an admission of the allegations of the petition.

■ While bona fide intervening creditors might file an answer within the time prescribed by the statute, an adjudication as entered here was not a nullity. The challenge made to the appellants as bona fide creditors

filing sufficient answers was raised fairly for determination by the District Court. Their right to intervention depended upon section 18 of the Bankruptcy Act (11 USCA § 41). The court, to determine the allegations of the answer, need not set aside the adjudication unless justiciable issues were raised by the answers filed. They did not do this. A creditor is one having a provable claim against the bankrupt. Bankruptcy Act, § 1 (9), 11 US CA § 1 (9). Interveners must first show that they are in fact creditors. In re New York Tunnel Co., 166 F. 284 (C. C. A. 2); In re Columbia Real Estate Co., supra. And they must file answers which are sufficient to raise issues which are more than mere charges and generalities. Neve's claim as a creditor is really one for damages against the Neve Company for breach of an alleged contract obligation due him. The contract which he refers to in his answer is dated December 7, 1928, and is with the United Cigar Stores Company and the bankrupt, but the obligations under that contract are the United Company's obligations, not those of the bankrupt, and the breaches complained of are the breaches of the United Company. No contract obligation of the bankrupt is mentioned. The obligation undertaken by the bankrupt under this contract was to pay to the United 1 per cent. of all purchases it made for the bankrupt. It is apparent from appellant Neve's answer that he is not a creditor of the bankrupt, having a provable claim. The only claim he has set forth might possibly be one against the United Company. Klein says he is a creditor of the bankrupt, having a provable claim in the sum of $52,600 in excess of securities held by him. He says the nature of his claim is for damages against the bankrupt arising out of false and fraudulent representations and acts of the bankrupt, which are tort claims, and its officers and directors inducing the sale by the petitioner to the bankrupt of his drug store. But, in the answer which he filed, he in effect says that these fraudulent acts and misrepresentations are on the part of the bankrupt, the United Cigar Stores, and others. What the fraudulent acts or misrepresentations are, are not stated. He is neither a merchandise nor a contract creditor, and at most his claim is one for fraud and deceit, or a tort action against the United Company and others. He has no claim provable in bankruptcy. Schall v. Camors, 251 U. S. 239, 40 S. Ct. 135, 64 L. Ed. 247. In re N. Y.-Tunnel Co., supra; Remington on Bankruptcy, § 766.

The answers filed do not raise issues. It is not enough for the creditor merely to deny the act of bankruptcy. E. L. Welsh Co. v. Blakstad, 290 F. 194 (C. C. A. 8). And, as we have said, the bankrupt admitted the acts of bankruptcy by answering the petition. Nor is it sufficient merely to charge fraud and collusion, attempted to be supported only by pointing out that the United Cigar Stores Company, through its stock ownership of the United Retail Chemists Corporation, in turn owned the majority of the common stock of the bankrupt and therefore controlled its officers. It is not asserted that any course of conduct between the United Cigar Stores Company and the bankrupt was improper. Their relationship was expressed in the contract of December 7, 1928. There are no allegations that that contract was in any way breached, or that the contract itself was fraudulent or overreaching. Indeed, it has been held that an officer of the corporation may admit bankruptcy of his corporation even though he be an officer of a corporation which is one of the petitioning creditors. Regal Cleaners & Dyers v. Merlis, 274 F. 915 (C. C. A. 2); Home Powder Co. v. Geis, 204 F. 568 (C. C. A. 8).

There are allegations that the petitioning creditors caused the bankrupt to purchase, at excessive prices, merchandise for its use. This may be of interest to a trustee if true, but it seems to be no justification for the claim of fraud in instituting the bankruptcy proceedings and does not bear upon the question of setting aside the adjudication. We have examined the other allegations of the answers, but none raises an issue which could possibly result in setting aside the adjudication. Moreover, since the appellants are not creditors within the Bankruptcy Act, they have no standing. Their petitions were therefore properly dismissed.

The order of October 18, 1930, striking the case from the calendar, was proper in view of the conclusions reached that the appellants were not creditors and had no standing as such to set aside the adjudication.

Orders affirmed.