In re S. W. STRAUS & CO., Inc. (RODELLI et al., Interveners).

Nos. 160, 186, 187.

Circuit Court of Appeals, Second Circuit.
Nov. 6, 1933.

Baker & Obermeier, of New York City (Joseph J. Baker and Oscar S. Rosner, both of New York City, of counsel), for appellant bankrupt.

Nathaniel L. Goldstein, of New York City (Abraham J. Halprin, of New York City, of counsel), for appellant receiver Schultze.

Archibald Palmer and Samuel L. Chess, both of New York City (Sydney Basil Levy, of New York City, of counsel), for appellees intervening creditors.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

S. W. Straus & Co., Inc., is a New York corporation which was formerly engaged in the business of dealing in investment securities. A so-called Martin Act suit was instituted against it in a state court, and on March 3, 1933, a decree was entered therein, with the corporation's consent, appointing permanent receivers, who were later succeeded by Louis F. Schultze as sole receiver. On the same date, March 3, 1933, and after the state court

decree had been made, an involuntary petition in bankruptcy was filed against S. W. Straus & Co., Inc., by three of its creditors. Both the alleged bankrupt and receiver, Schultze, appeared in this proceeding and obtained successive extensions of time until August 1st to plead to the petition. In the meantime two ex parte orders of intervention were obtained, one by Rodelli and the other by Weischedel, Glazier, Wiand, and White, upon intervening petitions, each of which alleged that the petitioner was a creditor of the bankrupt. Rodelli also obtained an ex parte order for examination of the bankrupt's officers and other witnesses under section 21a of the act (11 USCA § 44 (a). Thereafter the bankrupt moved to vacate the three orders aforesaid, and has appealed from an order entered August 2d denying this motion.

■ Determination of the bankrupt's appeal turns upon whether the interveners are shown to have had provable claims in bankruptcy. If they have, they were entitled to intervene by virtue of section 59f of the Bankruptcy Act (11 USCA § 95 (f); if they have not, then they should have been denied intervention. See In re New York Tunnel Co., 166 F. 284 (C. C. A. 2); In re Neve Drug Stores, 48 F.(2d) 693, 696 (C. C. A. 2). It is the contention of the bankrupt that it appears on the very face of the intervening petitions that the petitioners are not creditors.

■ This contention must be sustained as to Rodelli. He alleges that he purchased from Straus-Manhattan Co., Inc., five of its bonds, "the payment of principal and interest on the said bonds, pursuant to a trust indenture and pursuant to a direct agreement with your petitioner, having been guaranteed by S. W. Straus & Co., Inc., the alleged bankrupt herein." He alleges that interest on said bonds fell due June 1, 1933, and that both Straus-Manhattan Company and the bankrupt defaulted in the payment of it. Had the petition said no more, it could be taken as asserting a claim founded upon a "direct agreement" with Rodelli by which the bankrupt guaranteed payment of the principal and interest of the Straus-Manhattan bonds purchased by him. But the succeeding paragraphs make it clear that the agreement upon which Rodelli is relying is an agreement between the bankrupt and Straus-Manhattan Company. By this agreement, it is alleged, the former agreed to purchase from the latter on or before December 1, 1933, at not less than par value, "the entire amount of the deposited collateral held by the Trustee as security for the issue of the first mortgage con-

vertible collateral trust bonds, of which your petitioner is a holder." It is then alleged that "this agreement is, in effect, a guarantee on the part of S. W. Straus & Co., Inc., that interest will be paid as it becomes due and the principal will be paid on or before December 1, 1933." It is further alleged that there was an anticipatory breach of the bankrupt's "contract of guarantee and repurchase and default in interest payment of June 1st, 1933, and that such breach establishes the liability of the alleged bankrupt." Reading the petition as a whole, it is impossible to accept the contention of Rodelli's counsel that it alleges two agreements—one, a direct guaranty of payment of principal and interest; the other, the agreement with Straus-Manhattan Company, which is "in effect a guarantee." We think the claim is founded solely on the latter agreement. If so, no provable claim is alleged on the part of Rodelli. The promisee is Straus-Manhattan Company. Laying aside any question of anticipatory breach, and assuming a breach and that the trustee under the mortgage securing the issue of bonds could sue as a third party beneficiary, this would not avail Rodelli. Without any allegation that the trustee has failed in its duty in this regard, no individual bondholder could have any right to sue. Hence Rodelli's petition showed no facts from which it appears that he is a creditor of the bankrupt, and the order appealed from was erroneous in not vacating the ex parte order of intervention previously granted him.

■ It is otherwise as to the intervening petitions of Weischedel, Glazier, Wiand, and White. They all contain substantially similar allegations. Each petitioner alleges that he purchased from the bankrupt bonds of another corporation in reliance upon the bankrupt's representations that they were first mortgage bonds and were guaranteed by it, that these representations were false and fraudulent, and that the bonds are of only nominal value and practically unmarketable. By reason thereof it is charged that the purchase price paid to the bankrupt is held for the use and benefit of the petitioner, and payment thereof has been demanded and refused.

The bankrupt contends that each petition alleges a pure tort claim for unliquidated damages caused by fraudulent misrepresentations. Such a claim is, of course, not provable in bankruptcy. Schall v. Camors, 251 U. S. 239, 40 S. Ct. 135, 64 L. Ed. 247. It is true the allegations are sufficient to charge liability in tort for fraud, but they are also sufficient to show liability in contract. One

608

who sells a bond with an absolute representation that it is secured by a first mortgage, may well be found to have given a warranty to this effect. See Burtch v. Child, Hulswit & Co., 207 Mich. 205, 174 N. W. 170; Menard v. Clarence E. Thompson & Sons, 90 Conn. 30, 96 A. 177; 9 C. J. 60. That a claim on a warranty is provable, even though in case of fraud there might be an independent claim purely in tort, is expressly stated in Grant Shoe Co. v. W. M. Laird Co., 212 U. S. 445, 449, 29 S. Ct. 332, 53 L. Ed. 591. We believe that the petitions sufficiently allege a breach of warranty.

But in any event they sufficiently allege a quasi contractual liability for unjust enrichment. Such a claim is provable. See Crawford v. Burke, 195 U. S. 176, 187, 25 S. Ct. 9, 49 L. Ed. 147; Schall v. Camors, 251 U. S. 239, 251, 40 S. Ct. 135, 64 L. Ed. 247; Cawthon v. Banco-Kentucky Co., 52 F.(2d) 851 (D. C. W. D. Ky.). It is urged that the petition cannot be treated as asserting a claim for recovery of the purchase price of the bonds because there is no offer to return them. In a suit in equity the decree may make suitable provision for restitution. In re American Knit Goods Mfg. Co., 173 F. 480 (C. C. A. 2); MacNamee v. Bankers' Union, 25 F. (2d) 614, 618 (C. C. A. 2); Williston, Contracts, § 1460. Proceedings in courts of bankruptcy are in the nature of proceedings in equity, so that the failure to tender restitution before the filing of the petition in bankruptcy is not fatal to the existence of provable claims by the interveners. In re Bancunity Corp., 36 F.(2d) 595, 598 (D. C. S. D. N. Y.). Our own decision of In re Neve Drug Stores, 48 F.(2d) 693, is cited as contrary to this view. It should not be so construed. As the opinion indicates, the acts of the bankrupt were treated as creating only tort claims, but the facts are stated so briefly as not to present clearly the situation which was under consideration. Klein's answer alleged the making of an agreement to sell his store for part cash and part shares of stock in the Neve Drug Stores (the bankrupt), and charged that "thereafter" the bankrupt and others by fraudulent acts caused the stock to depreciate, so as to cheat Klein out of a large part of the consideration which he received for the sale of his store. This is quite different from the case at bar. Here the fraud induced the purchase, and a claim in rescission is suggested by the allegation that the purchase price is held for the use of the petitioner. There was no error below in refusing to vacate the order of intervention granted to Weischedel and the three other interveners.

Since, as we have held, Rodelli was not shown to be a creditor, it was erroneous to grant his petition for an examination of witnesses under section 21a, and the bankrupt's motion to vacate such order should have been granted. It appears from the record that Weischedel also obtained an order for examination of witnesses, but the validity of this order is not before us, because the bankrupt's motion was directed only to Rodelli's order for examination and the order of August 2d from which the bankrupt has appealed is likewise so limited.

For similar reasons we cannot consider the bankrupt's argument as to the insufficiency of the petition in bankruptcy. So far as appears, the bankrupt has never moved to dismiss the petition, nor has it appealed from the denial of the receiver's motion to dismiss. In No. 160 the order appealed from must be modified in accordance with the views above expressed.

We turn now to the appeals of receiver, Schultze. On July 28th he obtained an ex parte order permitting him to intervene and answer the petition for adjudication. On July 31st he filed an answer denying the bankrupt's insolvency and the commission by it of an act of bankruptcy as charged in the petition. The bankrupt itself filed a similar answer. Thereafter counsel for Rodelli moved for vacation of the order allowing the receiver to intervene. The motion was joined in by Mr. Kaye, one of the attorneys for the petitioning creditors. On September 18th an order was entered granting the motion. This is the order on Appeal in No. 187.

Section 18b of the Bankruptcy Act (11 USCA § 41 (b) provides that: "The bankrupt, or any creditor, may appear and plead to the petition within five days after the return day, or within such further time as the court may allow." If this section be deemed exclusive, no one other than a creditor (except the bankrupt himself) may contest the petition for adjudication. This view was intimated in Re Columbia Real Estate Co., 112 F. 643, 647 (C. C. A. 7), but has not generally prevailed. In re Meyer, 98 F. 976, 980 (C. C. A. 2), intervention by assignee for benefit of creditors. As to intervention by equity receivers, In re Hudson River El. Power Co., 173 F. 934, 956 (D. C. N. D. N. Y.), affirmed on other grounds (C. C. A. 2) 183 F. 701, 33 L. R. A. (N. S.) 545; In re Morosco Holding Co., 296 F. 516, 520 (D. C. S. D. N. Y.); Blackstone v. Everybody's Store, 207 F. 752, 756 (C. C. A. 1); Struthers Furnace Co. v. Grant, 30 F.(2d) 576 (C. C. A. 6); Wood v.

Natural Soda Products Co., 31 F.(2d) 110 (C. C. A. 9). Cf. In re Bankshares Corp., 50 F.(2d) 94 (C. C. A. 2). Assuming, therefore, that it is within the District Court's power to permit a state court receiver to intervene to contest adjudication, the exercise of such power is clearly discretionary. See Blackstone v. Everybody's Store, supra. Cf. Gratiot County State Bank v. Johnson, 249 U. S. 246, 250, 39 S. Ct. 263, 63 L. Ed. 587. In the case at bar the bankrupt is itself putting up a defense to adjudication; the presence of the receiver appears to be unnecessary and to have resulted largely in a duplication of motions and orders. All the above-cited authorities allowing the receiver to intervene were, with the exception of In re Morosco Holding Co., cases where the bankrupt himself was not contesting adjudication. Under the circumstances of the present case, we see no reason to think that discretion was abused in excluding the receiver from participation.

■ The remaining appeal, No. 186, is from an order entered September 20, 1933, denying the receiver's motion to dismiss the petition in bankruptcy as insufficient upon its face. As appears from the record in No. 187, on September 18th the court had vacated the order authorizing the receiver to intervene. Technically it may be true, as the appellees urge, that this abated any pending motion of the receiver and requires either affirmance of the order or dismissal of the appeal in No. 186. But, as the sufficiency of the petition to support an adjudication is almost certain to arise again in the course of these proceedings, it seems expedient to express our views on this question, and, as they lead to an affirmance of the order, to affirm on this ground rather than on the more technical one first suggested.

The petition in bankruptcy charged as the only act of bankruptcy the giving of preferences to unknown creditors in unknown amounts, aggregating $2,500. Except in stating a different aggregate sum, it is identically like the petition held insufficient by this court in Re Gaynor Homes, 65 F.(2d) 378. Hence the petition was subject to dismissal had the objection been taken in time. But, as our previous decisions indicate, such a petition gives the court jurisdiction, and the defect is one which may be waived by answer and going to trial. Bradley v. Huntington (C. C. A.) 277 F. 948. Whether it would be waived by answer alone was there left open and is the question presented in the present appeal. Here it appears that both the bankrupt and the receiver answered the petition without reserving any objection to the sufficiency of the petition. The reason for holding a petition which follows the general language of the statute so vague as to be subject to demurrer or motion to dismiss is that it subjects the bankrupt to the danger that the petitioning creditors may prove against him acts of bankruptcy which they did not challenge by their pleading, and there is no way for him to tell what they did mean to challenge. See In re Fuller, 15 F.(2d) 294 (C. C. A. 2). Hence he should take the objection before answering, or should at least reserve it in his answer as was done in Re Gaynor Homes, supra. If the bankrupt answers without such reservation, it may be taken that he is satisfied with the pleading and is able, despite its vagueness, to admit or deny its allegations. In general, demurrers come too late after an answer has been filed, and we see no reason why this general rule should not be applied to pleadings in bankruptcy proceedings. Indeed, there is especial reason why the bankrupt should move seasonably, for the passage of four months may prevent an amendment to correct the defective petition by specifying with precision the act of bankruptcy which the petitioners intended to challenge. In re Fuller, supra; cf. Harney Shoes, Inc., v. Nat. Fabric & Finishing Co., 44 F.(2d) 517 (C. C. A. 1). Holding, as we do, that the defect was waived by answer, we find it unnecessary to consider whether the order might also be sustained under the doctrine applied in Re Standard Aero Corp., 270 F. 779 (C. C. A. 3).

We find no error in Nos. 186 and 187, and the orders involved in those appeals are affirmed. In No. 160 the order is modified as above indicated; and the appellant is awarded one-half its appellate costs to be recovered from Rodelli.