LOWENSTEIN et al. v. HENRY McSHANE MFG. CO.

(District Court, D. Maryland. July 7, 1904.)

1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—GOOD FAITH OF PETITIONERS.

Where very few of the large number of creditors of a corporation having a large estate, which is in the hands of state receivers, join in a petition in bankruptcy against it, one of them being a company engaged in buying the assets of insolvents, which was not originally a creditor, but purchased claims against the corporation, in some cases paying par for them, and the good faith of others is open to question, the court is justified in resolving all doubtful questions both of fact and law against the petitioners.

2. SAME—ACTS OF BANKRUPTCY—APPOINTMENT OF RECEIVERS.

A corporation for whose property receivers have been appointed by a state court on a bill filed by creditors alleging insolvency, which it confessed, has committed an act of bankruptcy, under Bankr. Act, § 3a, cl. 4, as amended by Act Feb. 5, 1903, c. 487, § 2, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 410].

3. SAME—PETITIONERS—ESTOPPEL.

Creditors of a corporation who intervened in a suit against it in a state court and assisted in having receivers appointed, and participated in such proceedings, while large sums were expended and sales of property negotiated by the receivers, are estopped to subsequently file a petition in bankruptcy based on the appointment of the receivers as an act of bankruptcy.

4. SAME—CONTRACT BY PETITIONER TO SELL CLAIM.

Where a creditor contracted to sell his claim, but, as a condition, agreed to first join in a petition in bankruptcy against the debtor, which he did, transferring and receiving payment for the claim immediately afterward, the claim must be considered as having been owned by the purchaser when the petition was filed.

In Bankruptcy. On petition against the Henry McShane Manufacturing Company as an involuntary bankrupt.

Carrington & Carrington, Edward G. Rosenheim, and Wm, Ewin Bonn, for petitioning creditors.

William P. Whyte, Arthur George Brown, J. Hanson Thomas, and Williams, Thomas & Williams, for bankrupt.

MORRIS, District Judge. This petition was filed March 26, 1904, and the act of bankruptcy charged is that, because of insolvency, receivers had been put in charge of the property of the corporation by a decree of the circuit court No. 2 of Baltimore City, dated November 27, 1903. There were three petitioning creditors who joined in the original petition, viz., Lowenstein, whose claim is $6,335.82; N. Frank & Sons, whose claim is $1,962.18; and the Electrical Material Company, whose claim is $578.63.

As to Lowenstein and N. Frank & Sons, it is objected that, by their participation in the receivership proceedings in the state court, they have elected to proceed in that forum, and are estopped from petitioning in bankruptcy. It appears that Lowenstein and N. Frank & Sons on November 28, 1903, intervened in that case on the day after the receiver was appointed, and filed petitions in the circuit court No. 2 praying that court to appoint a co-receiver. These petitions came on

for hearing on March 24, 1904, and a co-receiver was appointed by the court, although not the one urged by the petitioners.

This action, it seems to me, was an election by those two creditors to avail of the proceedings in the state court, and it appears that, during the period between their intervention in that case and their filing the petition in bankruptcy, much was done by the receivers in the state court. The large business of the corporation was carried on; money was, by the orders of court, expended in the repairs of buildings, and leases to quite a number of tenants were effected at very renumerative rents, and sales of property have been negotiated. It seems to me that equitably, after four months' participation, these creditors should be held to be estopped from taking this proceeding, which would be destructive of the acts of the receivers. Simonson v. Sinsheimer, 95 Fed. 948, 37 C. C. A. 337.

The Electrical Material Company, which had a claim of $578.63, joined in the petition in a somewhat peculiar manner. The claim had been filed in the receivership case, but, on the day this petition was filed, one of the counsel for the other petitioners offered to buy the claim at its full face value for the Assets Realization Company, provided the Electrical Material Company would join in the petition and make the required oath. This was done, and the money was immediately paid. The claim was the claim of the Assets Realization Company, a corporation of Illinois, at the time it was filed, because that corporation had made a binding contract to purchase and pay for it, and did immediately pay for it. About two months afterwards the said Assets Realization Company, having bought up 17 other claims, amounting in all to over $10,000, intervened and joined in the original petition. Henry J. Kennedy also about the same date, having had assigned to him the claim of Ball & Wood, another creditor, for $368.84, intervened and joined in the petition. Kennedy was the agent of the Assets Realization Company in negotiating for and buying all the claims for the Assets Realization Company, and was regularly and continuously in their employ, engaged in similar work. I think it is apparent that the purchase of the Ball & Wood claim was in the same interest as his other purchases. There is one other creditor who has joined in the petition—the Manhattan Rubber Company, for $192.

It thus appears that if the claims of Lowenstein and of N. Frank & Sons are discarded as the claims of creditors who are estopped, and the claims bought up by the Assets Realization Company, or in its interest, are treated as the claim of one creditor, there only remain, in fact, two creditors who have validly joined in the petition. The debts of the defendant corporation amount to over $250,000, and the creditors are very numerous. The assets are very large, and, at a fair valuation, it is strenuously claimed by those representing the corporation that the assets are more than sufficient to pay all its debts. The property consists of large holdings of real estate and a valuable manufacturing plant, and an established business, which has in most years been very profitable. Proof was admitted under objection from the petitioning creditors in support of the allegation that the corporation was in fact solvent at the time that the receivers were appointed. I have not considered that question, as I am of opinion that in the creditors' bill in

the state court praying the appointment of receivers upon the allegation that the corporation was unable to pay its debts, and was in fact insolvent, and the answer of the corporation admitting the facts alleged in the bill, and consenting to the relief prayed, and the action of the court in granting the relief prayed and appointing receivers, who have been ever since in charge, constitutes the condition of affairs intended to be covered by the amendment of 1903, the words of which are, "or because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state," etc. Act Feb. 5, 1903, c. 487, § 2, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 410].

In dealing with this case the court cannot shut its eyes to the evident character of this proceeding in bankruptcy. A large enterprise, with much property and many creditors, was being administered by a court of competent jurisdiction through its receivers, and had been so administered for four months, lacking one day. Two creditors who were dissatisfied with the results of their intervention in the receivership case turned to the bankrupt court. They were but two out of a great number of creditors. But joining with them comes the Assets Realization Company, a corporation whose business it is to deal in the property of insolvent estates. It is not a creditor of the corporation desiring to protect itself by availing of the provisions of the bankrupt act to secure an equal distribution of its debtor's property, but it bought up the claims—one at 100 per cent., and others at less—for the express purpose of qualifying itself to join in the petition in bankruptcy, and take the administration out of a court where the great bulk of the creditors have shown that they are willing it should remain, and subject it to the added expense of the bankrupt court. It is evident that the Assets Realization Company has not laid out its money in buying claims— one at least at as much as 100 per cent.—without the expectation of deriving some pecuniary advantage greater than that of a mere creditor seeking to bring about a ratable distribution of an insolvent debtor's assets. In such a case the court should be slow to lend its aid, and, I think, should resolve every doubtful question of fact or law against a petitioning creditor who assumes such an attitude toward a valuable estate.

The petition is dismissed for want of the requisite number of creditors entitled to file the petition.