In re WEISS et al.

(District Court, E. D. Pennsylvania. December 27, 1905.)

No. 1,687.

BANKRUPTCY—ACTS OF BANKRUPTCY—PREFERENCE PROCURED BY PETITIONING CREDITORS.

The failure of an insolvent debtor to discharge the preference obtained by a judgment creditor by the levy of an execution cannot be charged as an act of bankruptcy, where the levy was procured by the attorney for the petitioning creditors for the sole purpose of laying the foundation for the bankruptcy proceedings.

In Bankruptcy. Involuntary proceeding. On motion for judgment non obstante veredicto, and for new trial.

Samuel W. Cooper, for petitioners.
Hepburn, Carr & Krauss, for alleged bankrupts.

HOLLAND, District Judge. An involuntary petition in bankruptcy was filed in the above case on the 27th day of July, 1903. On

August 10th, of the same year, an answer was filed denying the act of bankruptcy, and demanding a jury trial. The act of bankruptcy alleged in the petition is that:

"The bankrupts did on or about the 21st day of July, 1903, suffer and permit, while insolvent, Frederick J. Geiger to obtain a preference through legal proceedings, and not having, at least five days before a sale or final disposition of any property affected by such preference, vacated or discharged such preference."

At the trial of the case on June 19, 1905, it appeared that the petitioning creditors were Weiss & Segal, the Belmont Fur Hat Works, and Abraham B. Ryker, three in number. The claim of Weiss & Segal is for merchandise and amounts to $3,204.69. This claim is represented by Benjamin Alexander, Esq., who prepared the petition in bankruptcy and procured its presentation to court by another attorney for the reason that he was about to sail for Europe. Prior, however, to the preparation and presentation of the petition in bankruptcy, Mr. Alexander had an interview with Mr. Geiger, the owner of the judgment upon which the execution above mentioned was issued, and requested him to issue the execution, with the understanding that, if he (Geiger) did not receive his money from the bankrupts after the execution had been issued, he (Alexander), on the part of his client and two others joining therein, would present a petition in bankruptcy against the alleged bankrupts, and lay the execution on the Geiger judgment as the ground of bankruptcy. Mr. Geiger assented to this agreement and Mr. Alexander issued the fi. fa., had the sheriff of Philadelphia county make the levy, and immediately thereafter filed a petition in bankruptcy alleging this execution on the Geiger judgment as ground for the same. It was admitted at the trial that the bankrupts were insolvent.

The defendants submitted a point, which was affirmed by the court, as follows:

"If you believe the testimony of Mr. Geiger, which is entirely uncontradicted, that he issued execution upon his judgment at the solicitation of the attorney for the petitioners who made arrangements with the sheriff for making the levy upon such execution, then I instruct you that the petitioning creditors, having brought about and assisted in conducting the execution and levy, cannot make complaint of such execution and levy and are estopped from setting it up as an act of bankruptcy, and your verdict must be for the respondent as to the alleged act of bankruptcy."

The testimony of Mr. Geiger was corroborated by Mr. Alexander, and was substantially as above set forth, upon which the jury found for the defendants. At the trial, the plaintiffs having requested the court to give binding instructions to the jury to find for them, which was refused, they filed a motion after the trial for judgment non obstante verdicto under the Pennsylvania practice act of April 22, 1905, which applies and authorizes the party to a suit who has been refused such binding instructions to subsequently request the court to enter a verdict non obstante verdicto in their favor. They also filed a number of reasons for a new trial, none of which, however, need be considered, excepting the question involved in the above-mentioned point submitted. At the argument, counsel for the petitioning credit-

ors admitted that in case a verdict be not entered in their favor, under the act of 1905, this is the sole question upon which they rely for a new trial.

Both these motions are overruled, as we are of the opinion that the jury was right in their finding, for the reason that it has been well settled that it is a just ground for refusing to allow a petitioner to complain of an act of bankruptcy which has been induced or brought about by himself. "To hold otherwise would enable the unscrupulous to entrap a person into bankruptcy." Simonson v. Sinsheimer, 95 Fed. 948, 37 C. C. A. 337. A party cannot thus take advantage of its own wrong. In re Williams, Fed. Cas. No. 17,706; Clark v. Henne, 11 Am. Bankr. Rep. 583, 127 Fed. 288, 62 C. C. A. 172.

In these cases the act of bankruptcy in which the petitioning creditors participated was an assignment by the alleged bankrupt for the benefit of creditors; but we see no difference in principle between inducing or participating in an assignment and procuring a judgment creditor to issue execution for the sole and express purpose of enabling the procurer to file a petition in bankruptcy. A debtor might thus be entrapped into bankruptcy, who, if permitted to utilize his resources, could continue in business and eventually meet all his obligations.

The motion to enter judgment in favor of the petitioning creditors non obstante veredicto, and the motion for a new trial, are both therefore overruled.