914

In re SYRACUSE STUTZ CO., Inc.

DEMPSTER et al. (BOWEN, PERRY & FOBES et al., Interveners) v. MORRIS et al.

No. 29.

Circuit Court of Appeals, Second Circuit.

Feb. 8, 1932.

Waters & Hodges, of Syracuse, N. Y., for petitioning creditors-appellants.

Henry R. Follett, of Syracuse, N. Y., for intervening creditors-appellants.

Hiscock, Williams & Cowie, of Syracuse, N. Y., for appellees.

Costello, Cooney & Fearon, of Syracuse, N. Y., for alleged bankrupt.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above).

The alleged bankrupt is a New York corporation which was engaged in selling automobiles in the city of Syracuse. Its financial backer was Alexander Dempster. He was the president, one of the three directors, and the principal stockholder of the corporation. He was also a creditor in a substantial sum for money loaned. On September 2, 1930, pursuant to a resolution of its board of directors, the corporation committed an act of bankruptcy by admitting in writing its inability to pay its debts and its willingness to be adjudged a bankrupt on that ground. Bankr. Act § 3a(6), as amended by 44 Stat. 662, § 3, 11 USCA § 21 (a) (6). Two days later Alexander Dempster and two other creditors filed an involuntary petition alleging the foregoing act of bankruptcy. On its face the petition was entirely regular and sufficient.

Associates Discount Company, a partnership composed of the appellees, and hereafter for convenience referred to as the discount company, was also a creditor of the bankrupt. It had advanced money to the bankrupt for the purchase of automobiles, taking as security chattel mortgages on the purchased cars. Such mortgages were not filed for record until September 2, 1930, with the result that they may be invalid as against the mortgagor's trustee in bankruptcy. Evidently fearing this, the discount company sought to have the bankruptcy petition dismissed. It claimed that withholding of the mortgages from record was insisted upon by the bankrupt as a condition of doing business with it, and that Dempster had taken part in making this arrangement. These facts, it contended, not only disqualified Dempster to be a petitioning creditor but also made the alleged act of bankruptcy fraudulent and collusive, so that the joinder of additional creditors in the petition in bankruptcy could not save it from dismissal. These contentions prevailed in the court below and brought about the order challenged by this appeal.

Quite aside from the merits of the discount company's attack upon the petition in bankruptcy, it must be observed at the outset that the procedure adopted was taken in utter disregard of the provisions of the Bankruptcy Act. Assuming that the discount company, although insisting upon its security, was a creditor entitled to oppose the petition in bankruptcy, it should have done so by answer. Section 18b provides that "the bankrupt, or any creditor, may appear and plead to the petition." 11 USCA § 41 (b). Section 59f declares that creditors other than original petitioners may at any time enter their appearance and join in the petition, or file an answer and be heard in opposition to the prayer of the petition. 11 USCA § 95 (f). Section 58a (8) provides that creditors shall have at least ten days' notice by mail of the proposed dismissal of the proceedings. 11 USCA § 94 (a) (8). Whether the notice here directed relates to dismissal for reasons other than those specified in section 59g of the act, 11 USCA § 95 (g), we need not now stop to consider. See Remington, Bankruptcy (3d Ed.) §§ 489, 490. Cf. In re Rosenblatt & Co., 193 F. 638 (C. C. A. 2); In re Plymouth Cordage Co., 135 F. 1000, 1006 (C. C. A. 8). Regardless of any question of notice, an opposing creditor's motion to dismiss raises only defects appearing on the face of the bankruptcy petition. In re St. Lawrence Condensed Milk Corporation, 9 F.(2d) 896, 899 (C. C. A. 2); In re Jones, 209 F. 717 (D. C. E. D. Tenn.); E. B. Badger Co. v. Arnold, 282 F. 115, 118 (C. C. A. 1). On its face the petition in bankruptcy was entirely sufficient. The discount company's attack upon it related to the qualification of Dempster as a petitioning creditor and to the validity of the corporate resolution as an act of bankruptcy; this involved controverted questions of fact. Where an opposing creditor desires to controvert facts alleged in the petition, an answer must be filed and a hearing had upon the issues framed by the pleadings. Bankr. Act § 18(d), 11 USCA § 41 (d); In re King, 179 F. 694 (C. C. A. 7); In re Ward, 194 F. 89 (C. C. A. 3). To determine controverted facts summarily upon supporting and opposing affidavits is clearly not the procedure contemplated by the statute.

It is urged by the appellees that the appellants consented to the procedure and that the facts upon which the judge based his decision were substantially undisputed, so that any defect in procedure was not materially prejudicial to the rights of the parties now complaining. As to the second branch of this argument, the record is to the contrary. Dempster's affidavits denied that he knew anything about the alleged agreement not to file the mortgages, and asserted

916

that the discussions at the corporate meeting assumed the validity of the mortgages, and that he did not learn until later that they had been withheld from record until September 2d. The court's memorandum opinion shows that he did not accept these assertions for it finds in effect that Dempster was using the bankruptcy statute "to perform an unconscionable act" and caused the corporate resolution to be passed for the very purpose of "carrying out his scheme of voiding the chattel mortgages for his personal gain." Such an issue, turning squarely upon a question of veracity, is much more likely to be correctly judged if the witnesses are subjected to cross-examination and their bearing observed by the trier of the fact. This is what the statute contemplated. Whether the parties can waive a hearing and submit to a determination of the issues upon affidavits we need not for the moment decide. Assuming that they can, the order was wrong for reasons about to be stated.

 It was error to deny leave to intervene to the additional creditors who sought to join in the petition. Canute S. S. Co. v. Pittsburgh Coal Co., 263 U. S. 244, 44 S. Ct. 67, 68 L. Ed. 287. The ground upon which the court below denied intervention was that the act of bankruptcy alleged in the petition was obtained "through the fraud and collusion of Dempster," and therefore "was not such an act as would sustain an adjudication of bankruptcy." The only authority relied upon was In re Taylor House Ass'n, 209 F. 924 (D. C. N. D. N. Y.). That case decided on facts very different from those at bar that a corporate officer who had himself brought about the corporation's act of bankruptcy was disqualified to be a petitioning creditor. In their brief on appeal the appellees have cited additional authorities to the effect that a creditor may for various reasons be estopped from being a petitioning creditor. In re Weiss, 142 F. 279 (D. C. E. D. Pa.); Woolford v. Diamond State Steel Co., 138 F. 582, 589 (D. C. Del.); Lowenstein v. Henry McShane Mfg. Co., 130 F. 1007 (D. C. Md.); Moulton v. Coburn, 131 F. 201 (C. C. A. 1); In re Gold Run Co., 200 F. 162 (D. C. Colo.). The principle is well established. But if it be conceded arguendo that Dempster could not be a petitioning creditor, it by no means follows that other creditors could not take advantage of the resolution declaring the corporation's willingness to be adjudged bankrupt. That a director is not disqualified from voting for such a resolution by the fact that he is himself a creditor was expressly held in Home Powder Co. v. Geis, 204 F. 568 (C. C. A. 8), a decision which this court has twice cited with approval. Regal Cleaners & Dyers v. Merlis (C. C. A.) 274 F. 915, 916; In re Neve Drug Stores (C. C. A.) 48 F.(2d) 693, 696. The case of In re Cohn, 227 F. 843, 844 (C. C. A. 3), contains a dictum that, even when the act of bankruptcy is the admission in writing of willingness to be adjudged bankrupt, the opposing creditors may set up as a defense "fraud and collusion between the bankrupt and the petitioning creditors." What is meant is by no means clear. If a corporation falsely declared its inability to pay its debts and did this in collusion with the petitioning creditors in order that adjudication might avoid a judgment lien obtained by some other creditor, perhaps the resolution would be invalidated as an act of bankruptcy. See, also, Zeitinger v. Hargadine-McKittrick Co., 244 F. 719 (C. C. A. 8). But the mere fact that the directors pass the resolution at the request of the petitioning creditors is not collusion. In re C. Moench & Sons Co. (D. C.) 123 F. 965, affirmed 130 F. 685 (C. C. A. 2). See, also, In re Dressler Producing Corporation, 262 F. 257 (C. C. A. 2). Nor is the fact that the purpose of the directors, two of whom were petitioning creditors, was to bring about bankruptcy in order to invalidate the judgment lien of another creditor, a valid ground of objection. These were the facts in Home Powder Co. v. Geis (C. C. A.) 204 F. 568, already cited. Indeed, that opinion suggests that it was the duty of the directors to pass the resolution in order to sequester the property of the corporation for the equal benefit of all its creditors. It is true the discount company here asserts more against Dempster; it claims that he took part in the contract requiring it to keep the mortgages off the record, and voted for the act of bankruptcy in order to improve his own position as a creditor. Let this be accepted as the fact, still it would not affect the validity of the corporate vote so far as creditors are concerned. Whether the corporation could attack the vote because of the director's personal interest we need not inquire, for it is not attempting to do so. If it were to be assumed that Dempster had expressly contracted with the discount company not to vote for such a resolution, nevertheless the resolution would have been validly passed. The most that could be argued is that Dempster could assert personally no right depending upon his breach of contract. The alleged estoppel

arising from his taking part in the arrangement made by his corporation can certainly be no more effective than the supposititious contract of his own. Assuming without decision that Dempster was disqualified to be a petitioning creditor, we hold that the written admission pursuant to corporate vote was an act of bankruptcy of which other creditors at least could take advantage. Therefore, the additional creditors should have been allowed to join in the petition in bankruptcy. We need not consider whether they should have been allowed to rely also upon the additional act of bankruptcy alleged in their intervening petition.

The appellants contend that the discount company was not entitled to oppose the petition in bankruptcy because it was asserting rights under the chattel mortgages which, if valid, gave it security for the full amount of its advances to the bankrupt. Against this, In re Carey, 254 F. 688 (C. C. A. 2) is relied upon. There it was held that a judgment creditor whose lien would be invalidated if the judgment debtor were adjudged bankrupt, could contest the petition in bankruptcy. It is urged that the appellee's position is analogous; that a trustee in bankruptcy may be able successfully to attack the chattel mortgages because of their delayed filing, in which event the discount company will stand as an unsecured creditor, and that consequently it should be allowed to oppose the petition in bankruptcy. But we do not find it necessary to decide this point. Assuming that the discount company had the right to contest the petition and assuming further the truth of all the facts alleged in its motion papers and supporting affidavits, no defense to adjudication was presented, provided the additional creditors had been allowed, as they should have been, to join in the petition. As already stated, the facts alleged in opposition to the petition should have been set up in an answer; had they been, the court should have entered an order of adjudication because, for the reasons explained in the foregoing discussion, the answer, assuming its truth, would have disclosed no valid defense. Cf. In re Automatic Typewriter & Service Co., 27 F. 1, 4 (C. C. A. 2); In re Cohn (D. C.) 220 F. 956, affirmed 227 F. 843 (C. C. A. 3). We think the order which should have been entered can now be directed despite the defective method of pleading the facts. The appellees have earnestly argued in this court that all the parties consented to the procedure which was adopted and that any objections to it have been waived. See Weeker v. Nat.

Enameling Co., 204 U. S. 176, 185, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757. No injustice will be done them in taking them at their word, for, if the case were sent back with instructions to allow them to answer, the result would be the same. Accordingly the order will be reversed, and the cause remanded, with directions to allow the additional creditors to join in the petition in bankruptcy, and to enter an adjudication of bankruptcy thereon. Whether a receiver shall be appointed we leave to the discretion of the District Court, for we cannot know what present conditions may require.

In conclusion we wish to express our thorough disapproval of the manner in which this record on appeal is made up. Fully one-third of it embraces so-called "Minutes," apparently a stenographic report of the colloquy between court and counsel at the hearing. Such a colloquy has no place in an equity record. The court's order recites (improperly) that it is based upon consideration of the proofs and "on reading and filing the minutes of the hearing." This is urged as an excuse by the appellants for incorporating the "minutes." In the future no such excuse will be accepted, and the bar should take notice that hereafter we shall allow no costs for so much of any record as incorporates such improper material.

Order reversed, with directions.