276

## CORNWALL PRESS, Inc., v. RAY LONG & RICHARD R. SMITH, Inc., et al.

### No. 213.

Circuit Court of Appeals, Second Circuit.

Feb. 11, 1935.

Morris J. Goldston, of New York City (Harold G. Aron, of New York City, of counsel), for plaintiff.

Milbank, Tweed, Hope & Webb, of New York City, for Farrar & Rinehart.

Leo L. Fenbert, of New York City, for J. J. Little & Ives.

Leo L. Fenbert, Henry L. Flattau, and William W. Walling, all of New York City, trustees pro se.

Parker, Chapin & Flattau, of New York City (A. Donald MacKinnon, Leo L. Fenbert, Henry L. Flattau, and Lucien Hilmer, all of New York City, of counsel), for Bank of Manhattan Co.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

This suit is in equity, asking for the appointment of a receiver of Ray Long & Richard Smith, Inc., which was adjudicated a bankrupt March 9, 1934, and to enjoin the other defendants from interfering with the assets, or otherwise expending the funds of the bankrupt; also it prays that the bankrupt be ordered to withdraw its consent to the adjudication, and that other appellees be required to account for the assets and properties of the bankrupt which came into their possession.

The bill alleges that the appellant is a creditor of the bankrupt, and that it has in its possession certain assets of the bankrupt's educational book department as security for its claim; that the appellees J. J. Little & Ives Company and the Bank of Manhattan Company are creditors of the bankrupt; that an involuntary petition was filed against the bankrupt, and consent to an adjudication given by the bankrupt; that such consent was the result of a conspiracy to defraud or given under duress and coercion; that the trustees in bankruptcy sold to appellees, Farrar & Rinehart, Inc., the educational book department of the bankrupt at a grossly inadequate price, and that the purchaser refused to pay the appellant the amount of its lien; that the trustees have wasted and are wasting the assets of the bankrupt; and that the entire proceedings have been a scheme to turn over to Farrar & Rinehart, Inc., the most valuable asset of the bankrupt for an inadequate price. It alleges further that the corporation is not a bankrupt within the meaning of the act, that the proceedings are invalid, and that the actions of the trustee are without authority of law, and that the estate has been impaired in a large amount, and that the appellant has no adequate remedy at law. Nowhere in the bill is there an allegation that the appellant intervened or proceeded in the bankruptcy court to have the adjudication vacated and the sale there set aside.

The appellees, alleging that the bill failed to state a cause of action, moved for its dismissal. The motion was granted, and a decree entered accordingly, from which this appeal is taken.

We think the dismissal was properly granted. In Re Cohn, 227 F. 843 (C. C. A. 3), it was pointed out that, if opposing creditors to a petition in involuntary bankruptcy could prove that the written admission thereof was the result of fraud and collusion

between the debtor and certain creditors, or in aid of a collusive scheme, an order of adjudication would not be entered. The appellant cannot be heard to say that no relief could have been obtained by it in a bankruptcy court. The bankruptcy court has, within its own jurisdiction, full equity powers, and cannot be compelled to, nor will it, exercise its powers in aid of a fraud. In Zeitinger v. Hargadine-McKittrick Dry Goods Co., 244 F. 719, 722 (C. C. A. 8), an appeal from a decree of adjudication in bankruptcy, the appellant showed that the object of the bankruptcy proceedings was to avoid the effect of a judgment. The appellant contended that to permit an adjudication would result in a fraud upon the petitioners as well as upon the court. The court said:

"The District Court, however, could have safely relied upon the proposition that there is and can be no law or practice which would compel a court of bankruptcy or any other court to become a party to a fraud. * * *

"The District Judge * * * is not a ministerial, but a judicial, officer, whose first duty is to see that those who minister in the temple of justice shall not invoke his authority for the accomplishment of fraud. * * * It was the clear duty of the District Court, as well as of this court, in order to prevent the perpetration of what clearly would be a fraud upon the circuit court, the court of bankruptcy, and the interveners, to dismiss the voluntary petition of appellee."

In Re Syracuse Stutz Co. (Dempster v. Morris), 55 F.(2d) 914, we said that collusion between a debtor and petitioning creditors might invalidate a consent to adjudication. See Struthers Furnace Co. v. Grant, 30 F.(2d) 576 (C. C. A. 6).

In Chicago Bank of Commerce v. Carter, 61 F.(2d) 986, 987, 989 (C. C. A. 8), the court said that, "As a general rule, a general creditor has no such standing in a bankruptcy court as to entitle him to move to vacate an adjudication made in a voluntary proceeding," but "We think it is fairly well established, both on authority and principle, that a creditor may attack even an adjudication in a voluntary proceeding on the ground of either jurisdiction or fraud upon the court."

See, also, In re Mohawk Weaving Mills, Inc. (D. C.) 275 F. 589; In re Dressler Producing Corporation, 262 F. 257 (C. C. A. 2).

Thus it is clear that, though the bankruptcy court is limited in its jurisdiction and a creature of statute, it is also a court of equity within its own sphere. As a court of equity it may protect itself from being used as an instrument of fraud, and may refuse to either grant an adjudication, or, having granted an adjudication, to let it stand, where to do so would be a fraud on the court or a fraud upon the act. The appellant, either before the adjudication or subsequent thereto, even if he were but a general creditor, could have petitioned the bankruptcy court to act in such manner as would prevent the court from becoming a judicial party to a fraud.

Here, however, the appellant is seeking a decree of a court of equity to vacate an adjudication by the indirect means of compelling the debtor to withdraw its consent. As the appellant puts it, "Equity looks through form to substance." And fortified with that maxim it wishes equity to set aside a decree of adjudication. While the bankruptcy court has full power to grant the relief desired, it has not been appealed to. This is a collateral attack upon a decree of a court of bankruptcy. Such cannot be successfully maintained. Hanna v. Brictson Mfg. Co., 62 F.(2d) 139 (C. C. A. 8). In the Hanna Case, the court pointed out that the jurisdiction of a court of bankruptcy is exclusive in respect of all questions pertaining to bankruptcy and the administration of insolvent estates therein. Its exclusive jurisdiction as a bankruptcy court will not be surrendered. Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645; United States Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 32 S. Ct. 620, 56 L. Ed. 1055; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208. The courts have consistently refused to permit such interference with the jurisdiction of the bankruptcy courts. Graham et al. v. Boston, H. & E. R. Co., 118 U. S. 181, 6 S. Ct. 1009, 1018, 30 L. Ed. 196; New Lamp Chimney Co. v. Ansonia Brass & Copper Co., 91 U. S. 656, 23 L. Ed. 336. In the Graham Case, the court said:

"The circuit court, as to these matters, correctly held these propositions: An adjudication of bankruptcy, made by a district court having jurisdiction of the bankrupt, cannot be impeached collaterally by any person who was a party to the bankruptcy proceedings. Until vacated in the manner prescribed by the bankruptcy act, it is binding

upon all the parties to it. The district court is always open for a re-examination of its decrees in an appropriate form."

See, also, Fairbanks Steam Shovel Co. v. Wills, 240 U. S. 642, 36 L. Ed. 466, 60 L. Ed. 841; Graham v. Boston, etc., R. Co., supra; Krey Packing Co. v. Wildwood Springs Resort Ass'n, 4 F.(2d) 793 (C. C. A. 8).

Unless laches or estoppel had barred its remedy, the appellant was entitled to proceed in the bankruptcy court to obtain the relief of setting aside the adjudication, but it may not collaterally attack the adjudication here.

Decree affirmed.